CHARLES DISTLER, Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent.

1. NEGLIGENCE — BOARDING MOVING RAILROAD TRAIN. It is not negligence *per se* for an embarking passenger to step, by direction of the conductor, from a station platform upon a railroad train moving at the rate of two or three miles an hour, when there is nothing to indicate any unusual or peculiar danger.

2. CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE OF INJURY. The boarding of a moving train, even if negligent in itself, does not constitute contributory negligence as matter of law, where the danger attending the act had passed before an injury was sustained, and the passenger had reached a situation on the train which was safe unless there was an accident or mismanagement, and a question of fact is presented whether subsequent mismanagement of the train was the proximate cause of his injury.

*Distler* v. *L. I. R. R. Co.*, 78 Hun, 252, reversed.

(Argued December 17, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered June 15, 1894, which affirmed a judgment in favor of defendant entered upon a dismissal of the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*F. R. Gilbert* for appellant. The question as to whether plaintiff was guilty of contributory negligence or not, under the circumstances, should have been submitted to the jury.

(*Lewis* v. *D. & H. C. Co.*, 145 N. Y. 515; *Bucher* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 128; *Hunter* v. *C. & S. V. R. R. Co.*, 112 N. Y. 376; *Hickenbottom* v. *D., L. & W. R. R. Co.*, 122 N. Y. 91; *Brassell* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 241; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y. 287; *Lowery* v. *M. R. Co.*, 99 N. Y. 158; *Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 652; *Lent* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 473; *Glushing* v. *Sharp*, 96 N. Y. 676; *Solomon* v. *M. R. Co.*, 103 N. Y. 437, 442; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 47; *Geiler* v. *M. R. Co.*, 11 Misc. Rep. 413; *Terry* v. *Jewett*, 78 N. Y. 344.) The negligence of the defendant was clearly established upon the trial. (*Bartholomew* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 717; *Morrison* v. *B. & S. A. R. R. Co.*, 130 N. Y. 168; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 673; *Akersloot* v. *S. A. R. R. Co.*, 131 N. Y. 599; *Dillon* v. *M. R. Co.*, 16 N. Y. S. R. 767; *Sias* v. *R. R. R. Co.*, 92 Hun, 140.) To justify the nonsuit in this case, the plaintiff's negligence must appear so clearly that no construction of the evidence or inference drawn from the facts would have warranted the contrary conclusion, and that the verdict of the jury the other way would have been set aside as against the evidence. (*Keller* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Dec. 480; *Bailey* v. *R., W. & O. R. R. Co.*, 139 N. Y. 306; *Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 560; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Mahar* v. *N. Y. C. & H. R. R. R. Co.*, 5 App. Div. 30; *H. N. Bank* v. *A. D. & T. Co.*, 148 N. Y. 612.)

*William C. Beecher* for respondent. Plaintiff was guilty of contributory negligence and cannot recover. (*Hunter* v. *C. & S. V. R. R. Co.*, 126 N. Y. 18; *Solomon* v. *M. R. Co.*, 103 N. Y. 437; *Phillips* v. *R. & S. R. R. Co.*, 49 N. Y. 177; *Hayes* v. *F. S. S. & G. S. F. R. R. Co.*, 97 N. Y. 259.) Plaintiff had no business to be on the steps or platform of a moving train. The position is one of great danger, and where one voluntarily and needlessly places himself in such a position and is injured,

he ordinarily cannot recover. (*Bradley* v. *S. A. R. R. Co.*, 90 Hun, 419, 421; Patterson on Railway Accident Law, 283; L. 1850, ch. 234, § 46.)

MARTIN, J.  This action was to recover damages for personal injuries alleged to have been caused by the defendant's negligence.

On the twenty-first day of June, 1892, the plaintiff was at Manhattan Crossing awaiting a train by which to reach Deer Park. Manhattan Crossing is a regular station upon the defendant's road where all its trains stopped going east. After remaining a short time, a train arrived going in an opposite direction, when the plaintiff inquired of the conductor the time of the next train going to Deer Park, who replied that he would return with his train in thirty or thirty-five minutes, and stop for him.

The train returned, and while passing slowly along the platform at the rate of two or three miles an hour, the conductor bade the plaintiff get on. At the time, the plaintiff was on the station platform, and in compliance with the direction of the conductor stepped upon the steps leading to the forward platform of the second car, passed on until one foot was upon the platform and the other was upon the first step below, when the train started with a sudden jerk or lurch which threw him from the car, and he was seriously injured.

When the plaintiff rested the defendant moved to dismiss the complaint upon the grounds that no negligence on its part had been proved, and that the plaintiff was guilty of contributory negligence. The motion was granted. The plaintiff then asked the court to submit the case to the jury upon the facts established by the evidence, which was denied on the ground that the plaintiff was guilty of contributory negligence as a matter of law. To that ruling the plaintiff duly excepted. In making it, the court apparently relied solely upon the case of *Hunter* v. *C. & S. V. R. R. Co.* (126 N. Y. 18).

The question to be determined in this case is whether, as a

matter of law, the plaintiff was guilty of contributory negli-
gence in getting on to the train in pursuance of the direction
of the conductor, while it was moving at the rate of two or
three miles an hour, when there was nothing to indicate any
unusual or peculiar danger.   Inasmuch as the decisions of the
trial court and General Term seem to be based upon the
*Hunter* case, it is proper to examine the decisions of this court
in that case to ascertain whether the principle there decided
upholds the determination of the courts below.

When the *Hunter* case was in this court on the first appeal
it was reversed upon the ground that the plaintiff was guilty
of contributory negligence in boarding a train moving at the
rate of from four to six or six to eight miles an hour, although
he was within three or four feet of an elevated freight plat-
form which was only about six inches from the side of the
moving car.   The opinion on the first appeal discloses that
the decision was then based chiefly upon the rapidity with
which the train was moving when the intestate attempted
to get on, the court, in effect, holding that to board a train
moving from four to six or from six to eight miles an hour,
was so dangerous and hazardous that it must be regarded as
negligence as matter of law, notwithstanding the conductor
directed him to do so.   At the same time it recognized the
fact that there were cases in which an attempt to get off or
on a moving train would not be regarded as negligence *per se*,
and where the question of negligence upon all the facts should
be submitted to the jury.

When the case was in this court upon a second appeal, it
appeared by the record that there had been a change in the
evidence, so that the train was described as moving at the rate
of from one to two, instead of from four to six or six to eight
miles an hour.   The court reversed the judgment upon the
ground that the plaintiff's intestate was negligent, and that
his act contributed to his death.   This conclusion seems to
have rested principally upon the presence of an elevated
freight platform in close proximity to the place where the
intestate attempted to board the moving car, so that, in case

of a misstep or other slight accident, his injury from contact therewith was almost, if not absolutely, certain. The court, however, again recognized in its opinion the existence of cases where an attempt to board or alight from a moving train would not be regarded as negligence as a matter of law, but stated that that was not one of those cases.

I think it may be said of the decisions in that case that, in the first it was held that it was negligence *per se* to board a train moving from four to six or six to eight miles an hour on acccount of its comparative rapid motion, and, in the second, as the danger was manifest, unusual and peculiar, and must have been seen and understood, that, although moving at a less rate of speed, it was negligence, as a matter of law, to attempt to board it while in close proximity to a prominent obstruction, so situated that in case of failure or of a misstep or other slight misadventure the risk of being thrown against the obstruction and injured would be imminent.

It is obvious that the facts upon which the decisions in the *Hunter* case were based are essentially unlike those in the case at bar. Upon the first appeal in that case the train was shown to have been moving at a rate of speed greatly in excess of that at which a person would ordinarily walk, and in the second the proof was that while the train was moving less rapidly, still the attempt to board it was manifestly attended with such peculiar and certain danger from surrounding obstacles as to make it negligence to do so.

Neither of those conditions exists in this case. Here the train was moving at a rate of speed not greater than an ordinary walk. There was a long platform at the station, unobstructed, with nothing to indicate that any unusual danger was to be apprehended in stepping upon the train. Thus it is apparent that the *Hunter* case is plainly distinguishable from the case at bar, and that the decisions in that case do not sustain the determination of the courts below. Unless this court shall hold that it is negligence *per se* to step upon a moving train, no matter how slight its motion, this judgment cannot be upheld.

We think the decisions in the *Hunter* case have gone to the fullest limit to which this principle should be extended. It is a matter of common knowledge that it is of daily occurrence that ordinarily prudent persons safely board a train or car moving at two or three miles an hour. We are not prepared to hold that it is negligence *per se* to step upon a train moving at that rate of speed. To do so would encroach upon the proper province of a jury.

There is another distinction between this and the *Hunter* case. In this case the proof discloses that the conductor was in entire charge of the train as the representative of the defendant. When the train first passed, he informed the plaintiff that upon his return he would stop so he could take the train to Deer Park. He doubtless had authority to make that agreement. In pursuance of it the plaintiff remained at the station until the train returned, when, while the train was going at a rate of speed which appeared to render it reasonably safe, he complied with the direction of the conductor and boarded it.

We are not prepared to hold that, under those circumstances, the direction of the conductor was of no importance.

While it was held in the *Hunter* case that such a direction was unimportant where it was manifest that to comply with it was imminently dangerous, yet here, as no such condition existed, that principle has no application.

There is another ground upon which we think the judgment should be reversed. Even if it were assumed that the plaintiff was negligent in stepping upon a moving train, yet it cannot be held, as a matter of law, that such negligence in any proper sense contributed to his injury. The danger which attended the boarding of a moving train had been passed. The plaintiff was upon the train, and in a situation of safety, unless there was an accident or some mismanagement. His injury can hardly be said to be the proximate result of stepping upon the moving train, or to have been occasioned by his inability to safely reach a seat because the car was in motion. The direct and proximate cause of his injury was

the mismanagement of the train, causing a sudden jerk or lurch which threw the plaintiff therefrom, or at least whether that was the cause was a question of fact for the jury.

We are of the opinion that the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence were, under the evidence, questions of fact and should have been submitted to the jury.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

GRAY, J. (dissenting). I dissent from the conclusion reached by the majority of my associates; because, in all the main and material facts, this case cannot be distinguished from the *Hunter* case (112 N. Y. 371; 126 N. Y. 18), which in turn rested upon the principle decided in the *Solomon* case (103 N. Y. 437). This train was a special train, which was not scheduled to stop at the station and upon which the plaintiff had no right to be carried. The plaintiff elected to leave his place of safety and to incur the peril of boarding a moving train for some purpose of convenience, upon the invitation of his friend, the conductor of the train. These were also the facts in the *Hunter* case; upon consideration of which this court determined that the plaintiff was guilty of contributory negligence and, therefore, should have been nonsuited. The distinction attempted now to be made between the cases does not amount to a substantial difference. It seems to me that in making this distinction we are unnecessarily introducing uncertainty in the law for the government of trial courts in negligence cases.

ANDREWS, Ch. J., O'BRIEN, BARTLETT and VANN, JJ., concur with MARTIN, J., for reversal; GRAY, J., reads for affirmance and HAIGHT, J., concurs.

Judgment reversed.