warrants the conclusion that the defendants suffered by any delay on the part of the plaintiff in his efforts to rescind the contract. Plaintiff was entitled to time and opportunity to ascertain fully the facts and circumstances which warranted him in concluding to rescind the contract. It has frequently been held that the question as to what is reasonable time in which to rescind a contract depends largely upon circumstances. There is no averment in the answer of laches or delay on the part of the plaintiff in rescinding the contract of purchase. In respect to any such defense sought to be maintained by the defendants they have the burden of proof. Zebley v. Trust Co., 139 N. Y. 461, 34 N. E. 1067. We find no evidence in the case indicating that the plaintiff took possession of the property mentioned in the deed, or did any other act in affirmance of the deed which he received of the property, after he discovered the fraud practiced upon him by the defendants. We think the nonsuit was erroneous, and the judgment entered thereon should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(20 App. Div. 601.)

### McKEON v. STEINWAY RY. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

NEGLIGENCE—PROXIMATE CAUSE OF INJURY.

>   Where plaintiff was thrown out of a wagon by a collision with a street car through his own negligence, it does not prevent him from recovering if he is rendered unconscious thereby, and, lying on the track, is run over thereafter by another car, the driver of which is not in the use of due care.

Appeal from trial term, Queens county.

Action by Thomas McKeon against the Steinway Railway Company. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas F. Magner, for appellant.
Eugene L. Bush, for respondent.

BRADLEY, J. The alleged cause of action is for a personal injury suffered by the plaintiff by the negligence of the defendant. The trial resulted in a verdict for the defendant. The questions for consideration arise upon exceptions taken by the plaintiff's counsel to rulings at the trial, and more especially to the charge made by the court to the jury. The facts which the evidence on the part of plaintiff tended to prove were that in the evening of December 16, 1895, he drove his horse and truck up to the gateway of his employer's premises on Locust street, in the village of Corona, county of Queens, and, finding the gate locked, he, with a view of departing, so backed up his horse into the street that the hind end of his truck wagon projected over the eastern-bound track of the defendant's trolley railroad

in that street; that he then saw an approaching car on that track, and he proceeded to get upon the wagon, to drive away; that, before he was able to do so, the car collided with the rear end of the wagon; that this caused the horse to run away; and that the plaintiff was thrown from the wagon when upward of 200 feet from the place of collision, and fell upon the same track; that he was then unconscious, and was injured by another car of the defendant, going in the same direction, a few minutes later; that two young daughters of the plaintiff, seeing the condition of the horse and wagon, looked for and discovered the plaintiff on the track; that one of them, while making an ineffectual effort to pull him from the track, saw the approaching car; that both of them screamed. Their screams were heard by the motorman and some others on the car, which did not stop until after it had struck the plaintiff, and had passed the place where he was lying. The headlight of the car enabled the motorman to see 25 feet ahead of it, and his evidence was that he saw the plaintiff as the car approached, and that no part of his body was on the track, but that he lay wholly outside of and between the tracks, and that consequently the car could not and did not hit him at all.

The question whether the collision with the wagon was chargeable solely to the negligence of the defendant, or attributable to any contributory negligence of the plaintiff, was submitted to the jury; and the court charged them to the effect that, if any negligence of the plaintiff contributed to that collision, what followed was in like manner affected by such negligence, and he could not recover for his injury suffered by the car running upon him when he was lying upon the track, if he received injury in that manner. In other words, the view of the court was that if the contact of the car with the wagon, which caused the horse to run away, was imputable to any contributory negligence of the plaintiff, the defendant was entitled to a verdict, although the later accident otherwise might be attributable solely to the negligence of the defendant. It may, in view of the finding of the jury, be assumed that the negligence of the plaintiff placed him in the position where he is said to have been struck by the other car, and that, therefore, the injury there received by him was in some sense the consequence of his negligence. But it does not follow that this gave legal immunity to the defendant to run its car onto him. The negligence of a plaintiff which is effectual to relieve a defendant from liability for the consequences of his negligence must be proximate in such sense as to contribute concurrently to the result complained of. Although the injury may not have occurred but for the negligence of the former, his antecedent negligence may not be concurrent or simultaneous in such sense as to relieve the latter from the consequences of his negligence. In other words, when a plaintiff, by his negligence, has placed himself in a dangerous position, the defendant, advised of his situation, is not for that reason legally justified in failing to use reasonable care to not injure him. Davies v. Mann, 10 Mees. & W. 546; Austin v. Steamboat Co., 43 N. Y. 75; Silliman v. Lewis, 49 N. Y. 379; Railroad Co. v. Anderson, 31 Grat. 812; Isbell v. Railroad Co., 27 Conn. 393. While there is some apparent conflict in the cases of the different states on the

subject of the effect of contributory negligence upon the remedy, the rule, about which there is no occasion for serious controversy, is that, to deny to a party relief for an injury suffered by him by the culpable negligence of another, his negligence must not only contribute to the happening of the injury, but must contribute to it as a proximate cause. His negligence, as a remote cause, and creating a condition of peril from which he is unable to relieve himself, does not excuse the want of care in another to avoid injuring him. For the purposes of the question in the present case, it may be assumed that the plaintiff, by his negligence, resulting in the collision of the car with his wagon, was rendered helpless at another place on the defendant's railroad, where he was in a condition of danger from a passing car, from which he was unable to extricate himself. He was therefore not chargeable with contributory negligence for not getting out of the way there of an approaching car. He did not voluntarily put himself in that position. His negligence that caused him to be there was antecedent, and not concurrent or simultaneously contributory, to his injury there received. There was some evidence tending to prove that, by the exercise of ordinary care on the part of the defendant's servant having charge of the motive power of the car, the accident, such as it was at that place, might have been obviated. These views lead to the conclusion that the consideration by the jury of the questions of fact arising upon the evidence relating to the occurrence last referred to should not have been made dependent upon the fact that the plaintiff's negligence did not contribute to the previous collision of the car with his wagon.

The plaintiff, by his complaint, alleges both the collision of the car with his wagon and the running of another car into or over him, and that this was occasioned by the negligence of the defendant; and, although those matters were alleged in a single count only of the complaint, it is not seen that, upon the trial, the liability for one of the alleged causes of the plaintiff's injuries could properly be made dependent upon that of the other of them.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.