In response to that request the court observed:

"I leave the question to you, gentlemen,—as to whether they were negligent in that respect. It was the duty of the masters to see that proper materials were furnished, and the duties which devolved upon the masters could not be delegated to the servants, so as to relieve them from responsibility."

An exception was taken to the charge.

We think the defendants were entitled to have the jury charged that, if the cable was reasonably proper for the work, "the defendants are not liable because of the manner in which it was used by the men in setting up the derrick." The learned trial judge had not specifically instructed the jury upon the pivotal point in the request. The jury ought to have been instructed that if the cable was reasonably proper for the work, and that if the jury found that it broke because "of the manner in which it was used by the men in setting up the derrick," then the defendants were not liable. The manner in which the men used the cable that was furnished in setting up the derrick was a part of the detail of the labor which they were engaged in performing. In Crispin v. Babbitt, 81 N. Y. 516, it was held that:

"If the act is one pertaining to the duty the master owes to his servants, he is responsible to them for the manner of its performance; but, if the act is one pertaining only to the duty of an operative, the employé performing it, whatever his rank or title, is a mere servant, and the master is not liable to a fellow servant for its improper performance."

The doctrine of that case was reasserted in Cullen v. Norton, 126 N. Y. 6, 26 N. E. 907. Near the close of the opinion in that case the court said:

"The master furnished the mine as a place for labor, and it was solely on account of the manner in which the foreman, a fellow servant, performed the work, or directed it, that the accident happened, and happened in the course of the performance of the very kind and character of work which the plaintiff's intestate took the risk of by accepting employment."

The same doctrine was again adverted to and stated in Hankins v. Railroad Co., 142 N. Y. 420, 37 N. E. 466.

In Kimmer v. Weber, 151 N. Y. 422, 45 N. E. 861, it was said:

"The master is not responsible for the negligent performance of some detail of the work intrusted to the servant, whatever may have been the grade of the servant who executes such detail."

The exceptions to which we have referred seem to require a new trial.

Order reversed, verdict set aside, and a new trial ordered, with costs to the appellants to abide the event. All concur, except WARD, J., not voting.

---

NELSON v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

LAW OF THE CASE.

The evidence on a second trial being practically the same as on the first, and it having been held on the first appeal that no mismanagement of defendant's train caused plaintiff's injuries, it must be so held on the second appeal.

Appeal from trial term, Monroe county.

Action by Elizabeth L. Nelson against the Lehigh Valley Railroad Company. From a judgment on a verdict directed for defendant, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Affirmed.

The action was commenced on the 26th of April, 1896, to recover damages for personal injuries alleged to have been sustained by the plaintiff while a passenger upon the defendant's railroad, in a dining car, while the train was going east between Mauchchunk and Allentown, on the 9th day of August, 1894. Plaintiff, in company with three other ladies, was seated at a table in a dining car on a train going east. It was conceded that the chairs in which the party were seated were not fastened down. There was no very definite evidence as to the precise spot where the accident occurred. The train was bound east, and left Mauchchunk at 6:17 p. m., and some of the witnesses say the accident occurred 15 or 20 minutes after leaving Mauchchunk. Plaintiff claims that she received the injuries when the train was going around a curve at a high rate of speed, and that it gave a lurch, and threw her from her chair, towards the aisle, against a table. She testifies: "The table struck me in the abdomen, about the center. Then there was another lurch, I think more violent, and I was thrown, the chair was thrown back, and I went diagonally across in this space between those tables. I should say the speed of the train at the time of the accident was very fast."

Argued before HARDIN, P. J., and ADAMS, WARD, McLENNAN, and SPRING, JJ.

George A. Carnahan, for appellant.
Joseph W. Taylor, for respondent.

PER CURIAM. When this case was before us on appeal from the verdict and judgment rendered at the first trial, the questions involved relating to the alleged negligence were very fully examined, and the views of the court in respect thereto were expressed in the opinion then delivered by the late Judge Green, as reported in 25 App. Div. 535, 50 N. Y. Supp. 63. Some additional evidence upon the second trial now brought in review was given by either side, and at the conclusion of the evidence the trial judge directed a verdict for the defendant, being of the opinion that the new evidence had not made a case more favorable to the plaintiff than was presented at the first trial. Upon the first trial it appeared by some of the evidence that when the plaintiff received the injuries complained of the train was running at a speed equal to 55 miles an hour. Upon the second trial more definite evidence was furnished as to the curves, the condition of the roadbed, and opinions were expressed as to the safety against derailment and breaking of appliances at speed of a train running at 60 or more miles per hour. There was no derailment or breaking of appliances, and no injury came to plaintiff from any such cause. She rests her charge of negligence upon the great speed at which the train was running at the time of the accident, as well as upon the fact that the dining chairs were not fastened. The opinion considered these questions very fully, and the evidence given upon a second trial does not present a case that, under the opinion delivered, required the trial judge to submit it to the jury. He applied to the evidence presented the principles found in the opinion, and directed a verdict in accordance with the principles laid down in the opinion.

The plaintiff refers us to Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937, and claims that the evidence of that case supports the plaintiff's right to have the question of alleged negligence submitted to the jury. In that case it was held that where the accident was occasioned by mismanagement of the train, causing a sudden jerk, and injury to the passenger, a question of fact was presented for the jury. Upon the evidence in this case, the opinion to which we have alluded, and which is binding upon us, is to the effect that there was no mismanagement of the train which caused the plaintiff's injuries. The evidence was not changed at the second trial to such an extent as to warrant the trial judge in refusing to follow the doctrine of that opinion. We should adhere to that opinion, and sustain the direction given by the trial judge.

Judgment and order affirmed, with costs.