(43 App. Div. 374.)

McALAN v. TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. CARRIERS — PASSENGER — CONTRIBUTORY NEGLIGENCE — STEPPING FROM A MOVING TRAIN.
   It is not contributory negligence, per se, for a passenger to alight from a very slowly moving train.

2. SAME—OPEN GATE ON PLATFORM.
   There was a gate upon the platform of a car, which was kept closed during passage over a bridge, but some one opened it just as the train was stopping. Plaintiff, believing the train had stopped, passed through the gate, stepped from the moving train, and was injured. Held, that a nonsuit was error, and that the case should go to the jury.

Appeal from trial term, Kings county.

Action by Alida McAlan against the trustees of the New York and Brooklyn Bridge. There was judgment for defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. N. Weller, for appellant.
James C. Bergen, for respondent.

GOODRICH, P. J. The plaintiff was a passenger in one of the cars of the defendant. On its arrival in Brooklyn, she left the car while it was still in motion, and in alighting was thrown to the platform of the station in such a way that she received injuries. At the close of the evidence for both parties the court dismissed the complaint, and the plaintiff appeals.

It is not contributory negligence, per se, or as matter of law, for a passenger to alight from a train moving at a very slow rate. In Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937, the court said that it was not prepared to hold that it was negligence, per se, to step upon a train moving at two or three miles an hour. We can see no difference in principle between stepping off and stepping on a slowly-moving car. The rule is stated by Judge Andrews in Solomon v. Railroad Co., 103 N. Y. 437, 443, 9 N. E. 430, 432:

"In short, as we now understand the rule established by the decisions, it is presumptively a negligent act for a passenger to attempt to alight from a moving train; and it is not sufficient to rebut the presumption that the trainmen acquiesced in the action of the passenger, or that the company violated its duty or contract in not stopping the train, or that to remain on the train would subject the passenger to trouble or inconvenience, but that, to

excuse such an act and free the plaintiff from the charge of contributory negligence, there must be a coercion of circumstances which did not leave the passenger in the free and untrammeled possession of his faculties and judgment."

In the case at bar the plaintiff testified that she supposed that the train had come to a full stop, and started to get off the rear platform. There was a gate at the side of the platform. The brakeman or guard testified that this gate was closed during the passage of the train over the bridge, and until its arrival in Brooklyn, that there was a spring catch on the gate, and that he did not open the gate, but that it was opened by a passenger "just as the train was coming to a stop,—was about to stop." It does not appear that it was the duty of the guard to keep the gate closed, or to prevent its being opened, until it was time for the passengers to alight; but it was the duty of the defendant not to permit the gate to be opened until it was safe for the passengers to alight, and whether the gate was opened by the guard, or by a passenger without objection by the guard, the defendant was responsible for the opening. In House v. Railroad Co., 26 App. Div. 563, 50 N. Y. Supp. 434, we held that where a gate had been maintained for a long time across a highway, even without any municipal regulation requiring its erection, and a traveler knew that fact, she had a right to accept the open gate as an indication that no train was about to cross the highway. In the present case the plaintiff had a right to rely to some extent upon the fact of the open gate as an invitation to alight,—all the more that the guard gave no notice that the car had not stopped, and that it was not safe to leave it. We do not mean to say that the plaintiff would have had the right to rely absolutely upon the assurance, and disregard prudence in leaving the car. If she knew that the car was moving, she took the chance of alighting safely at the time, and cannot recover. If she could be considered free from negligence in alighting from the car, it seems to us equally plain that the defendant must be deemed free from negligence in allowing her to alight. As to her ability to alight safely while the car was moving (which depended on her strength and agility), she certainly had knowledge which the defendant could not have had. The only negligence on which the liability of the defendant can be predicated is that the plaintiff, at the time she sought to alight, believed the train had stopped, and thus she was induced to form such a belief by the negligent conduct of the defendant in allowing the gate to be opened as an invitation for her to alight. If, however, the plaintiff knew, or in the exercise of ordinary care should have known, that the car was not stopped, she cannot recover.

The nonsuit was therefore error, for which the judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.