MATHISON v. STATEN ISLAND MIDLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

STREET RAILROADS—INJURY TO TRAVELER ON TRACK—EVIDENCE.
    Plaintiff's intestate was run over and killed by defendant's street car,
    and this action was brought on the theory that such intestate was lying
    on or near the track in an unconscious condition when struck, and that
    the defendant was negligent in running its car at an excessive rate of
    speed and in failing to discover the deceased.   Deceased, while some-
    what intoxicated, alighted from another car, about a quarter of an hour
    before the accident, near the place thereof, but there was no evidence as
    to the rate of speed of the car which struck him, or that he was lying
    in an unconscious condition on or near the track.   *Held*, that the evidence
    was insufficient, and plaintiff's recovery properly denied.

Appeal from trial term, Richmond county.

Action by Thomas Mathison, as administrator of the estate of Walter Mathison, deceased, against the Staten Island Midland Railroad Company.   From a judgment in favor of defendant, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William M. Mullen, for appellant.

Warren C. Van Slyke (George M. Pinney, Jr., on the brief), for respondent.

WILLARD BARTLETT, J.·  The plaintiff's intestate, Walter Mathison, was run over by one of the defendant's cars upon Richmond avenue, Staten Island, late on the evening of the 1st day of November, 1899.   His dead body was found shortly afterward on the railroad track between 15 and 30 feet from the place where the car stopped.   About a quarter of an hour prior to the time of this accident, Mathison had alighted, near the point where it occurred, from another car of the defendant, upon which he had been a passenger.' There was evidence tending to show that while he was in the car and at the time when he left it he was somewhat intoxicated, but he was able to walk, and was last seen by the conductor proceeding unsteadily in the direction of his home, which was in the neighborhood. The allegation of negligence in the complaint is that "the said Walter Mathison, while lying in an unconscious condition upon or near the rails of said defendant's road, on said Richmond turnpike, near Quinlan avenue, one of the cars so operated by the defendant and under the control of and in charge of the servants of the defendant was so negligently, carelessly, and recklessly managed and operated by the defendant, its servants and agents, and was by them run at such a high and unlawful rate of speed, that the said car ran into and upon the body of said Walter Mathison, and did then and there strike and kill the said Walter Mathison."   No person was called to testify on the trial who was an eyewitness of the accident, nor was there any evidence as to the rate of speed at which the defendant's car was moving at the time it struck the body of the plaintiff's intestate.· Furthermore, there was an utter failure to establish by any testi-

mony whatever the allegation that the deceased was lying in an unconscious condition upon or near the rails of the defendant's road at the time when he was run over. It is sufficiently clear that he was either intoxicated, or suffering from some illness which may have been mistaken for intoxication, when he alighted from the car to go home; but we are left wholly in the dark as to his subsequent condition or conduct. It is impossible to infer, or even guess, from the proof in this case, whether he was lying unconscious on the track, or near it, as the second car approached him, or whether he did not step across the line directly in front of the car at the very moment when it struck him. In view of the condition of the proof on this question, it seems to me that the learned trial judge was constrained to dismiss the complaint. There was really no evidence upon which any negligence on the part of the defendant could be predicated. The appellant invokes the doctrine of McKeon v. Railway Co., 20 App. Div. 601, 47 N. Y. Supp. 374, and other similar cases, which hold that, although a person may, by his own negligence, have placed himself in a dangerous position, a defendant, advised of his situation, is not for that reason legally justified in failing to use reasonable care not to injure him. It is argued that with the headlight in use on the defendant's car, upon such a night as that on which the accident occurred, the body of a person lying upon or near the track in that locality could readily have been seen by a vigilant motorman at a sufficient distance to stop the car, if moving at the rate of eight or nine miles an hour, in time to avoid injuring the person on the track. This argument, however, fails in its application here, for the reason that there is no evidence in the case from which it can be inferred that the body of plaintiff's intestate was on or near the line of rails until the very moment of the collision. It seems to me that this defect in the proof is fatal to the plaintiff's case.

The appellant criticises a number of rulings of the trial judge in the exclusion of testimony, but the exceptions to these rulings may be disregarded, inasmuch as none of the testimony sought to be introduced related to the position of the deceased at or immediately before the time of the accident.

I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.