ABRAHAM GRUNDT, Plaintiff, v. MINNIE SHENK and Another,
Defendants.

Supreme Court, Westchester County, June 12, 1926.

Contracts — action to enforce contract between plaintiff and defendants'
testator — alleged contract was that if plaintiff would continue in
testator's employ, testator would leave him $50,000 by will — plaintiff
complied with his part of agreement by remaining in employ of testator
during latter's life — contract was without consideration and cannot
be enforced.

An agreement between the plaintiff and defendants' testator, whereby the testator
agreed to leave the plaintiff $50,000 if the plaintiff would continue in the
employ of the testator and devote himself to the advancement of the latter's
interests and business affairs, cannot be enforced on the death of the testator,
though the plaintiff did continue in the testator's employ during his life, for
the promise to leave the plaintiff a legacy was without a good and valid con-
sideration, and, furthermore, the contract was too indefinite to be enforced.

The fact that the plaintiff continued in the employ of the defendants' testator,
for which he was paid a regular salary, does not amount to performance on his
part, so that the contract, which is indefinite in itself, may be enforced.

The mere fact that the plaintiff, who, under the terms of his contract, had the
right to leave testator's employ, agreed to remain with him under the alleged
indefinite arrangement, and thereby actually waived his right to change
employment, does not constitute a consideration for the decedent's promise.

MOTIONS by both parties for directed verdict in action on oral
contract to bequeath legacy to plaintiff.

*Percival E. Jackson* [*Lee Parsons Davis* of counsel], for the
plaintiff.

*Bouvier, Caffey & Beale* [*Francis G. Caffey, Henry R. Barrett*
and *Joseph Lorenz* of counsel], for the defendants.

TAYLOR, GEORGE H., J.   The amended complaint alleges a con-
tract in effect: (a) That the plaintiff promised to continue in the
decedent's employ and devote himself to the advancement of the
latter's interest and business affairs; and (b) that, in consideration
thereof, the decedent promised to leave to the plaintiff, by will,
$50,000.   In fact: (1) The plaintiff thereafter continued in dece-
dent's employ in his real estate business to the date of the decedent's
death.   The plaintiff received stipulated, and, from time to time,
increased, pay for his services.   He also received certain bonuses.
(2) The decedent omitted to leave to the plaintiff the legacy.   At
still higher compensation, the plaintiff, after decedent's death, was
employed by the defendants in the same capacity as before.   For
a considerable period he remained in such employ of the estate,

making no claim upon, or in any way asserting, the contract now alleged by him. This is a circumstance which, with others appearing in the record, might well increase the scrutiny of his claim at the hands of any tribunal investigating its validity. The jury, at the court's suggestion, has answered a single question submitted, as to the fact of the said contract. The jury's answer is in the affirmative. By stipulation, after the trial and in the jury's absence, the court is permitted to direct the jury to find a general verdict, to which direction the defeated party will have due exception.

The sole question for the court is whether the claimed contract is legally enforcible. That question, after much study and protracted consideration, I have determined in the negative. The consideration for the decedent's promise to leave to the plaintiff the legacy, was what I determine to be the legally unenforcible promise of the plaintiff to continue in decedent's employ. (Examine *Ide* v. *Brown*, 178 N. Y. 26, 42.) Being so unenforcible, I hold that the latter promise constituted no consideration at all for the alleged promise of the decedent. (Id.) The promise of the plaintiff, as established by the verdict, was " to continue in the employ of said Shenk and devote himself to the advancement of the business affairs and interests of the said Shenk." Analyzing it (1) the plaintiff binds himself to remain for no definite term; (2) no rate of compensation to the plaintiff, if any, is prescribed; (3) no specific service to be rendered is provided for; and (4) whatever continued employment is contemplated is clearly at will. The plaintiff's promise is in the category of those " indefinite, vague, and illusory " promises, which practically bind the promisors in no way. (See *Wallach* v. *Mendelson,* 115 Misc. 499.) Such an indefinite arrangement, which plaintiff was at liberty to repudiate or discontinue immediately after making it, cannot and does not furnish a legal basis of recovery by the plaintiff. (Examine *Mackintosh* v. *Kimball*, 101 App. Div. 494, 497, citing and following *United Press* v. *New York Press Co.*, 164 N. Y. 406, 410, in which the late Judge GRAY said: " It is elementary in the law that, for the validity of a contract, the promise, or the agreement, of the parties to it must be certain and explicit and that their full intention may be ascertained to a reasonable degree of certainty. Their agreement must be neither vague nor indefinite.")

The principle that a contract which is thus vague and indefinite may not be enforced has been announced upon occasion in other jurisdictions. (*W., B. & A. R. R. Co.* v. *Moss*, 127 Md. 12; *Briggs* v. *Morris*, 244 Penn. St. 139, 142–144; *Matter of Purves*, 196 id. 438; *Bumpus* v. *Bumpus*, 53 Mich. 346.) The plaintiff here did indeed continue in decedent's employ until the latter's death. His learned

counsel urges that such continuance is performance of the contract on plaintiff's part. He further urges that, as the decedent accepted such services of the plaintiff, the defendants must pay to the plaintiff the amount of the agreed legacy. Plaintiff's so-called promise having the characteristics previously adverted to, I determine that such continuance in the employ was not and could not in a legal sense be performance by the plaintiff. (Examine *Petze* v. *Morse Dry Dock & Repair Co.*, 125 App. Div. 267, 269, 270; affd., 195 N. Y. 584.) The four walls of the contract here involved do not include a prescription of the character of the performance or of the period thereof. Hence it is clearly impossible to assert that the plaintiff performed. (See *Briggs* v. *Morris, supra; Bumpus* v. *Bumpus, supra.*)

*Matter of Purves* (*supra*) is authority in a practically analogous case for the proposition that, if the meaning of a contract and the subject to which it is to be applied are obscure, indefinite, and doubtful, the contract will be held void for uncertainty. There a grandfather wrote to his grandson in Europe, urging the latter's return home as his services were needed in the business of the grandfather. The letter ended: " Attend to the business, and I will leave it to you as I promised you." There was no evidence of what the grandfather meant by the word " business," nor of the terms of the previous promise. It also appeared that when the grandfather died the grandson did not assert title to the business, but continued in it in a salaried position at an increase of salary. It was held that the said contract was void for uncertainty.

In *Bumpus* v. *Bumpus* (*supra*) the court expressed its view in a manner that is pertinent in the instant case: " Courts cannot enforce such contracts; they must rest for their performance upon the honor and good faith of the parties making them."

The views above expressed lead to the conclusion that the plaintiff has no case against the defendants. The learning and assiduity displayed in the brief of the plaintiff's counsel make it proper for me to discuss briefly some of his contentions.

The plaintiff's continuance in the employ of the decedent until the latter's death was not " performance " by him for the reasons above indicated. I do not regard this case as being in the category of the one in which a decedent gave a note, apparently for money loaned, and in which it appeared that the note was in fact given for board, nursing and care provided by the holder when the decedent was ill, and for similar services which were agreed to be rendered and were in fact rendered to the decedent after the date of the note. (*Miller* v. *McKenzie*, 95 N. Y. 575. And, for same principle, see *Matter of Cole*, 202 App. Div. 546.)

Plaintiff claims that the plaintiff's promise was, in effect, to render services to the defendant in the future, and that the fact that services were actually rendered and the contract thereby executed by the plaintiff, the agreed legacy may not be withheld, even though, at its inception, the contract may have lacked mutuality. (*Willetts* v. *Sun Mutual Ins. Co.*, 45 N. Y. 45; *Chard* v. *Ryan-Parker Construction Co.*, 182 App. Div. 455.) I must admit that I have had some difficulty in reconciling my determination in this case, as above announced, with the reasoning in the *Chard* case last cited. That case, however, presented a definite obligation of the employee " to render    *    *    *    such service or services as may be required of him by the said Ryan-Parker Construction Company in a managing or advisory capacity," and by necessary implication the employee there was to render such services for a period not expiring at least until the defendant therein obtained the contract in the profits of which the employee was to share. The instant case presents no such definite understanding as to the period of services or the character thereof, and, as above pointed out, the contract is so indefinite as to be unenforcible.

Neither do I think that this action may be determined upon the principles announced in cases where services were in fact rendered by the claimants after the promise by the decedent (although the promise was indefinite in terms) for compensation or for a legacy. In such cases recoveries by claimants on the theory of *quantum meruit* have been allowed. (*Holcomb* v. *Harris*, 166 N. Y. 257; *Scott* v. *Scott*, 66 App. Div. 610; *Robinson* v. *Raynor*, 28 N. Y. 494; *Collier* v. *Rutledge*, 136 id. 621.) There is no question that, if no salary had been paid to the plaintiff, he could have recovered for his services rendered to Shenk upon *quantum meruit*. Such recovery would have proceeded upon the implication of law that at all events the reasonable value of the services should be paid to the one rendering them.

The mere circumstance that the plaintiff, who undoubtedly had the right to leave Shenk's employ, agreed to remain with him under the indefinite arrangement referred to, and thereby actually waived a right which he had to leave immediately, in my opinion, does not constitute a consideration for the decedent's promise. This is true because of the non-binding character of plaintiff's promise, as previously found. If the plaintiff's contention in this respect is correct, the plaintiff might well have agreed to remain with Shenk, and that circumstance would have secured to him the right ultimately to the legacy; and in such a situation plaintiff would have been within his rights immediately thereafter if he left Shenk, and in that event he could have left immediately after the agree-

ment was made, without forfeiting his right to the legacy. I am satisfied that the law contemplates no such absurdity.

All the other contentions of the plaintiff's counsel have been carefully examined, although not here expressly discussed. I am far from asserting that the interesting questions involved are beyond the realm of debate. I find, however, nothing in said counsel's argument which, upon the whole case, militates in a controlling way against the views above expressed as to the invalidity of the contract. Holding such views, it is unnecessary for me (a) to discuss the correctness of my ruling admitting the testimony of the attorney for the decedent as to Shenk's conversation with him in the presence of the plaintiff; or (b) the defendants' contention that the verdict of the jury is against the weight of the evidence.

The defendants' motion for the direction of a verdict in their favor is granted. The like motion of the plaintiff for a direction of a verdict in his favor is denied. An exception is granted to the plaintiff in each instance. The jury is directed to find a general verdict in favor of the defendants. Exception to the plaintiff. Said verdict, in pursuance of the stipulation made at the end of the case, will be deemed returned by the now absent jury, and will be duly recorded. Thirty days' stay to the plaintiff and sixty days to make a case. All papers, excepting briefs, which I have retained, have been sent to the clerk of Trial Term, Part III.