■ ANGELINA TRIOLA, as Administratrix of the Estate of STEPHEN J. TRIOLA, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for wrongful death, the appeal is from a judgment in favor of respondent entered upon the verdict of a jury. Judgment reversed and a new trial granted, with costs to abide the event. According to the proof in behalf of respondent, the train had just started on its way to the next station and was moving slowly when respondent's intestate tried to board it from the ground-level station platform with the aid of the handrail on the outside of the car, to the right of the entrance thereto. Said proof was further to the effect that he had gained a foothold on the first step of the car, and was trying to ascend into the car by taking hold of the handrail attached to the underside of the trap door, when said trap door came down on top of him and caused him to fall under the train. There was evidence on behalf of appellant to the effect that the accident happened differently, and that the train was moving at the rate of 10 miles an hour, or more, when the intestate tried to board it. In its main charge, the court instructed the jury in general terms on negligence, contributory negligence, and proximate cause. Under the circumstances, it was prejudicial error to refuse to charge, as appellant requested, that the act of boarding a train moving in excess of four to six miles an hour is negligence as a matter of law. It was also error to refuse respondent's request to charge, in effect, that if the intestate had safely boarded the first step the jury could find that the proximate cause of the accident was what followed (*Distler* v. *Long Is. R. R. Co.*, 151 N. Y. 424). Further, since appellant had conceded that the intestate died as a result of injuries sustained in this accident, it was error to receive the testimony of respondent's brother as to the mangled and bloody condition of the body when he went to the morgue to identify it after the accident. In the light of this concession, it is our view that the only questions to be decided were whether appellant was negligent and whether the intestate was contributorily negligent, and the admission of this irrelevant and immaterial testimony was highly prejudicial. Were these errors not present, we would in any event reverse and grant a new trial on the ground that the verdict was against the weight of the credible evidence. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.