Richard R. MISCIONE, Plaintiff-
Appellant,

v.

PENNSYLVANIA RAILROAD COM-
PANY, Defendant-Appellee.

No. 68, Docket 26193.

United States Court of Appeals
Second Circuit.

Argued Nov. 2, 1960.

Decided Dec. 5, 1960.

Randolph J. Seifert, New York City, for appellant; Harry Kalman, New York City, of counsel.

Conboy, Hewitt, O'Brien & Boardman, New York City, for appellee; David J. Mountan, Jr., and Thomas V. McMahon, New York City, of counsel.

Before SWAN, CLARK and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

This litigation is the sequel to an accident in which appellant sustained serious injuries on October 4, 1954. The accident occurred at defendant's railroad station in Perryville, Maryland. The ap-

plicable law in this diversity case is concededly that of Maryland. The case was tried to a jury which returned a verdict for the defendant. Plaintiff's appeal raises only alleged errors in the court's charge to the jury.

For an understanding of appellant's specific contentions, a brief statement of the circumstances which preceded the accident is necessary. Plaintiff, a United States soldier assigned to the Maryland Military District, was a passenger in defendant's train which left New York City near midnight. When the train stopped at the station in Perryville, Maryland, early the next morning plaintiff got off, thinking he had arrived at Baltimore. Having discovered his mistake he tried to reboard the train while it was in motion. When the train started he was about thirty-five feet away from it. To his left (north) he saw that the door of one of the rear cars was open. He walked rapidly, or ran, diagonally toward the train, then ran alongside it, and when the open door overtook him, he grasped the left hand rail with his left hand, put his left foot on the step, and swung his body slightly to grasp the right hand rail with his right hand in which he was carrying an overnight bag. He says he got his right foot on the step for a second or two and then slipped off. Several witnesses testified that the train was moving at five or six miles an hour; one witness estimated its speed at fifteen miles.

■ To the court's charge that the plaintiff was not a passenger at the time of the occurrence, plaintiff excepted, and this is urged on his appeal as an error. Under Maryland law the charge was clearly correct. See Damico v. Washington, B. & A. Electric R. Co., 158 Md. 470, 148 A. 821; Baltimore Traction Co. of Baltimore City v. State ex rel. Ringgold, 78 Md. 409, 28 A. 397.

■ Exception was also taken to the court's refusal to charge plaintiff's requests 8 and 9 to the effect that "if the plaintiff had safely boarded the first step of the car," the jury might eliminate from its consideration any question of the plaintiff's contributory negligence in attempting to board a moving train. There was no error in refusing the requests. The evidence was conclusive that the plaintiff had not "safely" boarded the first step of the car. The New York cases on which appellant relies are readily distinguishable. Thus, in Distler v. Long Island R. Co., 151 N.Y. 424, 45 N.E. 937, 35 L.R.A. 762, not only had the plaintiff "stepped upon the step leading to the forward platform of the second car, [and] passed on until one foot was upon the platform and the other was upon the first step below," in marked distinction to the plaintiff here, who had, at best, boarded the first step for an instant, but it was there clear that "the danger which attended the boarding of a moving train had been passed" and that "the direct and proximate cause of his [plaintiff's] injury was the mismanagement of the train, causing a sudden jerk or lurch which threw the plaintiff therefrom." Similarly, plaintiff's invocation here of the doctrine of last clear chance is without merit. Maryland, like most states, recognizes that doctrine, but it is not operative unless the defendant failed to use reasonable care to avoid plaintiff's injury, see 2 Harper & James, Torts 1245, and "the defendant's negligence must have been sequential, and not concurrent for the doctrine to apply," Baltimore & O. R. Co. v. Leasure, 193 Md. 523, 69 A.2d 248, 251. The only act of defendant's employees *after* plaintiff attempted to board the train which plaintiff now suggests was negligent was the flagman's failure to pull the emergency valve. The jury was instructed to determine whether the flagman exercised reasonable care in pulling the communication cord rather than the emergency valve (which was farther away) and that they should return a plaintiff's verdict if they found that the flagman failed to exercise reasonable care to avoid the accident. Thus the jury, had they so viewed the facts, might have found for plaintiff under the doctrine of last clear chance. That they did not do so closes the issue.

**430**

Appellant's next contention is that the court erred in giving, at defendant's request, an additional charge on the subject of contributory negligence, which unduly emphasized this subject. No exception was taken, but regardless of that, a trial judge may *suo motu* recall a jury for further instructions when he thinks them needed. Fredericks v. American Export Lines, 2 Cir., 227 F. 2d 450, 453. A defendant's verdict was clearly indicated by the evidence. Cf. Ferguson v. Baltimore & Annapolis R. Co., 197 Md. 488, 80 A.2d 9, 12. The judgment is affirmed.