CHARLES STEWART et al., Appellants, *v.* WILLIAM D. MARVEL, Respondent.

101   357
164   191

Defendant contracted to sell plaintiff ten car-loads of iron—" (C) Blooms "— to be delivered " as fast as they may be produced, small enough to meet the usual requirements of measure." Five car-loads were delivered. In an action to recover damages for non-delivery of the residue, *held*, the contract required not simply that the blooms should be delivered as fast as they were actually produced, but that they should be produced in the ordinary operations of defendant's forge, with reasonable diligence and by reasonable and proper efforts, and defendant was not authorized to stop the production from motives of economy or convenience.

Evidence was offered on the part of plaintiffs and received under objection, that defendant stated, at the time the contract was made, that he could produce a car-load of blooms for delivery every ten days. *Held* no error.

(Argued December 10, 1885; decided February 9, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made at the September term, 1883, which reversed a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought to recover damages for an alleged breach of a contract. The contract and the material facts are set forth in the opinion.

*Walter D. Edmonds* for appellants. Where an indefinite time is set for performance of the contract performance must be had within a reasonable time, to be determined by reference to defendant's capacity and ability to produce, without interfering with the usual and regular course of business or production. (*New Haven Co.* v. *Quintard*, 6 Abb. Pr. [N. S.] 128 ; *Cocker* v. *Franklin Co.*, 3 Sumn. 530 ; *Tufts* v. *McClure*, 40 Iowa, 317 ; *Atwood* v. *Cobb*, 16 Pick. 237.) In the construction of a written instrument, so worded that it is ambiguous, oral evidence to explain the meaning attributed to the words by the parties is not only competent but indispensable. (*Almgren* v. *Dulith*, 5 N. Y. 28 ; *Ely* v. *Adams*, 19 Johns. 317 ; *French* v. *Carhart*, 1 Comst. 102 ; *Tochman* v. *Brown*, 33 N. Y. Super. Ct. [J. & S.] 409 ; *Grey* v. *Harper*, 1 Story, 588 ; *MacDonald* v. *Longbottom*, 1 El. & El. 981, 985, 987 ; *Thorington* v. *Smith*, 8 Wall. 1 ; *Stoops* v. *Smith*, 100 Mass. 63 ; *Bradley Steam Packet Co.*, 13 Pet. 94 ; *Duncan* v. *Topham*, 8 id. 225 ; *Anderson* v. *R., W. & O. R. R. Co.*, 56 N. Y. 341 ; *Proctor* v. *Hartigan*, 2 N. E. Rep'r, 99 ; *Herring* v. *Boston Iron Co.*, 1 Gray, 134.) Every breach of contract implies damages, and the measure of damages in such cases as this at bar is the difference between the contract and the market-prices of the undelivered article, or, in the absence of the latter in the market, the market-prices of the nearest sub-

stitute that can be found. (*Booth* v. *Rolling Mill Co.*, 60 N. Y. 492; Sedg. on Meas. of Dam. 557, note; *Dana* v. *Fiedler*, 12 N. Y. 70; *Hinde* v. *Liddle*, L. R., 10 Q. B. 265.) Plaintiffs' letters of March ninth and twelfth, to the company did, in effect, extend time of delivery until March 28, 1880. But they did so conditionally only; there is nothing in the evidence to show that either defendant or his agent, the company, ever acted in any way on this proffered extension. The letters, therefore, were of non-effect. (*Bacon* v. *Cobb*, 45 Ill. 77; *Collins* v. *Baumgardner*, 52 Penn. St. 461; *Frus* v. *Rider*, 24 N. Y. 367; Bish. on Cont., § 647; *Proctor* v. *Hartigan*, 2 N. R. 99; *Almgren* v. *Dulith*, 1 Seld. 28; 1 Ell. & Ell. 981–987; *Stoop* v. *Smith*, 100 Mass. 63; *Herring* v. *Boston Iron Co.*, 1 Gray, 134.) In construing the clause " say as fast as they may be produced " the rule *contra proferentum* applies. (*Ripley* v. *Larmouth*, 56 Barb. 25; *Marvin* v. *Stone*, 2 Cow. 806; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405; *White* v. *Hoyt*, 73 id. 511.) There has been a complete breach of the contract. (*New Haven Co.* v. *Quintard*, 6 Abb. Pr. [N. S.] 128; *Cocker* v. *Franklin Co.*, 3 Sumn. 530; *Tufts* v. *McClure*, 40 Iowa, 317; *Atwood* v. *Cobb*, 16 Pick. 237; *Waddell* v. *Peddick*, 13 Ired. [N. C.] 424.) The express words of the contract import an unqualified promise to deliver, and no scarcity of charcoal will excuse performance, when the reason defendant could not procure it was because they were unwilling to pay for it. (*Bingham* v. *Harmony*, 12 N. Y. 99; *Hydraulic Engineering Co.* v. *McHaffie*, 4 Q. B. Div. 670; 29 Moak's Eng. Rep. 102; *Nelson* v. *Odiorne*, 45 N. Y. 493; *Tompkins* v. *Dudley*, 25 id. 272; *Booth* v. *Spuyten Duyvil Rolling Mill Co.*, 60 id. 491.) The measure of plaintiff's damage in this case is the difference between the contract price of iron, $55 per ton, and the market-price of the same delivered at Easton, at the time when the contract iron should have been delivered, or the same market-price of the nearest substitute for the contract iron which could be found by plaintiffs, it being shown ·that there was no other iron like that called for by the contract to be had. (*Booth* v. *Rolling Mill Co.*, 60 N. Y. 492; Sedg. on Meas. of Dam. 557; *Dana* v.

*Fiedler*, 12 N. Y. 240 ; *Champagne Case*, 3 Wall. 149 ; 1 Greenl. Ev., § 120 ; Abbott's Trial Ev. 309, 310, 312 ; *Hinde* v. *Liddle*, L. R., 10 Q. B. 265.)

*David McClure* for respondent. It was one of the incidents of business that interruptions in manufacture might occur, and if the interruption was not caused by the acts of the defendant or his successor to evade the contract, there is no breach. (*Del., Lack. & West. R. R. Co.* v. *Browne*, 58 N. Y. 573.) The testimony as to the conversation before or at the time of signing the contract, as to the delivery of a car-load every ten days or week, and upon which the referee based his finding and judgment, should not have been admitted. (*Johnson* v. *Oppenheim*, 55 N. Y. 293 ; *Eighmie* v. *Taylor*, 98 id. 288.) The party who suffers from a breach of contract must so act as to make his damages as small as he reasonably can. (*Hamilton* v. *McPherson*, 28 N. Y. 72.)

*Per Curiam.* On the 14th day of November, 1879, the defendant made a contract with the plaintiffs for the sale to them of iron, of which the following is a copy :

"New York, 14*th November*, 1879.
"Stewart & Co., Easton, Penn. :
"Sold you to-day ten car-loads of (C) blooms, at $55 per ton, 2,240 pounds, delivered on cars at Easton, Penn., say as fast as they may be produced small enough to meet the usual requirements of measure, payable in thirty days from date of bills.
"WILLIAM D. MARVEL."

Across the face was written : "Accepted. Stewart & Co."
At the date of the contract the defendant was engaged in the production of the iron which he contracted to sell, but shortly thereafter his forge was sold to the Split Rock Forge and Mining Company, which assumed the performance of the contract on his part. Five car-loads of the iron were subsequently delivered to the plaintiffs, and this action was brought by them to recover damages for the non-delivery of the balance ; and the

real controversy between the parties is as to the proper construction of the contract.

The defendant contends that he was not obliged to deliver the blooms faster than they were actually produced in the operation of his forge, and that as he delivered all he actually produced, he was not in default. The contract should receive a reasonable construction so that, if its language will permit, both parties would be bound to perform in the manner which must have been contemplated by them when the contract was made. It could not have been intended that the plaintiffs should be bound to take the blooms whenever tendered by the defendant and yet he be at liberty to delay the delivery to suit his own convenience or interest indefinitely. It was plainly meant by the language, " as fast as they may be produced small enough," that the blooms should be produced in the ordinary operations of the forge with reasonable diligence, and by reasonable and proper efforts. The defendant had no right to omit to produce them from mere motives of economy or convenience, as he was under obligations to produce them.

The referee found that defendant's forge had the capacity to produce a car-load of blooms every ten days without interfering in any way with the regular running of the forge or its other contracts or business; that he delivered the last of the five car-loads on the 28th of January, 1880, and thereafter delivered no more down to the commencement of this action, in May, 1880, and he found that the usual operations and production of the forge were suspended and delayed during the months of February, March and April on the grounds of convenience or economy because of the high price of coal; and that after the twenty-eighth of February the defendant failed, neglected and refused to deliver to the plaintiff any more of the blooms. The evidence justified these findings, and they justify the conclusion of law that the defendant was responsible to the plaintiffs for the damages awarded.

Evidence was given by the plaintiffs, against the objection of the defendant, that the defendant stated, at the time the contract was made, that he could produce a car-load of blooms for deliv-

ery to the plaintiffs every ten days. We think this evidence and other like evidence was competent for the purpose of showing the capacity of the defendant's forge, and how fast, by reasonable diligence and efforts, he could make delivery under his contract. We have carefully scrutinized other exceptions to rulings upon evidence to which our attention has been called, and do not think any of them require a reversal of the judgment entered upon the report of the referee. The opinion of the referee found in the case is quite satisfactory, and we also refer to that for a fuller statement of the reasons upon which we base our decision.

We are, therefore, of opinion that the order of the General Term should be reversed, and the judgment entered upon the report of the referee affirmed, with costs.

All concur, except EARL, DANFORTH and FINCH, JJ., dissenting.

Order reversed, and judgment affirmed.