WILLIAM TAYLOR, Respondent, *v.* ENOCH MORGAN'S SONS COMPANY, Appellant.

*Construction of an agreement creating an agency to sell on commission — when the commissions are payable on all sales made by the principal, including those not made by the agent.*

The plaintiff was employed by the defendant to solicit customers for the purchase of goods sold by the latter, under the agreement stated in the following letter: "You are to travel over your route in this State, New Jersey and Pennsylvania, at least six times per year, and represent and sell our brands of laundry soap, * * * for which we agree to pay you a commission upon all orders accepted from *bona fide* purchasers, * * * and on all sapolio to our regular trade outside of this city, Brooklyn and certain parties in Newark."

Thereafter this action was brought to recover the commissions mentioned in such agreement upon goods which were sold by the plaintiff, and, also, upon all other goods sold by the defendant upon the route specified in said agreement as the route of the plaintiff.

*Held*, that by the provisions of such agreement the plaintiff was entitled to recover commissions as well upon all the sales made by the defendant upon the route above mentioned as upon the sales made by the plaintiff himself.

Appeal by the defendant from a judgment in favor of the plaintiff, entered in New York county upon the report of a referee.

The controversy in this suit arose in regard to the proper interpretation of the written contract set forth in the opinion, whereby the defendant employed the plaintiff as a traveling salesman.

*W. D. Guthrie*, for the appellant.

*W. H. Hamilton*, for the respondent.

Van Brunt, P. J.:

The main question involved upon this appeal depends upon the ruling of the referee, that the contract which formed the basis of the action was not ambiguous, and his refusal to consider evidence tending to explain the same.

There has been, undoubtedly, a great deal of evidence introduced in this case which might properly have been excluded, if the view of the referee in respect to this contract was correct, but its admission can, in no way, injure or prejudice the defendants.

Upon an examination of this contract it seems to be absolutely clear as to what its meaning and interpretation is, and the referee was, therefore, entirely right in refusing to consider any parol testimony for the purpose of aiding him in its interpretation. The plaintiff in this action had been employed by the defendants in soliciting custom for the goods in which they were dealing. They had had oral agreements, and misunderstandings with reference to his rights under these agreements had arisen, and, on the 22d of December, 1881, the following contract was entered into between the plaintiff and the defendants :

"NEW YORK, *December* 22, 1881.

"WILLIAM TAYLOR, Esq., *Present.*

"DEAR SIR. — Having determined and settled all differences between yourself and this company, by placing to your credit five hundred ($500) dollars, on December first, we herein confirm the understanding as to the future from that date, viz. :

"You are to travel over *your* route in this State, New Jersey and Pennsylvania at least six times per year, and represent and sell our brands of laundry soap, sapolio and other goods, paying your own expenses, handling no other goods to conflict with ours ; to conduct yourself and the business in a manner to our general satisfaction, for which we agreed to pay you a commission upon all orders accepted from *bona fide* purchasers, as follows, viz. : On all laundry soap sold at a price not less than three and three-fourths cents per pound, of ten per cent. On all sapolio sold to trade not heretofore sold by us, ten per cent, and on all sapolio to our regular trade, outside of this city, Brooklyn and certain parties in Newark, five per cent, and on other goods and sales, as may be agreed upon between us.

"We further agree to advance and pay to you, to be charged against your commissions, the sum of two hundred and fifty ($250) dollars per month from December 1, 1881.

"We to make and supply to your trade our various brands of soap in their usual good and merchantable quality and as promptly as in our general business, having in view our mutual interests.

"The understanding as to the term of this arrangement is that it is to continue until December 31, 1882, unless otherwise determined

by a notice of three months from either party, or for sufficient cause on the part of either in the conduct of the business; and further, that if at that date (December 31, 1882) everything is mutually satisfactory, a new arrangement may be made.

"In case we should decide to terminate this arrangement on January 1, 1883, we are to give you notice October first, or thereabouts.

"Yours truly.

"A. B. SIMOND,

"*Secretary.*"

"I have read and accepted this letter as the understanding of our arrangement.

"WILLIAM TAYLOR."

And the plaintiff for a considerable period of time rendered services to the defendants thereunder.

The dispute which has arisen between the plaintiff and the defendant, in reference to the interpretation to be placed upon this contract, arises upon the claim of the defendants of a right to send other travelers upon the route mentioned in the contract as being the route of the plaintiff, and that whenever sales were affected by such travelers the plaintiff was not entitled to any compensation. The plaintiff, on the other hand, claims that he was entitled to compensation upon all sales made by the defendants to customers upon this route, whether made by him or not, with the exception of sales made in this city, in Brooklyn, and to certain parties in Newark.

It seems to us, upon an examination of this contract, that the construction claimed by the plaintiff and adopted by the referee is correct. The provisions of the contract are that the plaintiff was to travel over *his* route in this State, New Jersey and Pennsylvania at least six times per year, and represent and sell the goods of the defendants, handling no others. The defendants agreed to pay him for these services a commission upon all orders accepted from *bona fide* purchasers, as follows, namely: "On all laundry soaps sold at a price not less than three and three-fourths cents per pound, of ten per cent; on all sapolios sold to trade, not theretofore sold by them, ten per cent; and on all sapolio to their regular trade outside of this city, Brooklyn, and certain parties in Newark, five per

cent." By this agreement there is a recognition of the route which the plaintiff claimed as his own. The route is spoken of as his route, and there is a provision for the payment of commissions at either one rate or the other on all goods which the defendants might sell to customers upon this route; upon all trade in soap, and upon all new trade in sapolio, they are to pay ten per cent; and upon all sales to their own customers, to their regular trade outside of certain districts, they are to pay five per cent.

It seems to be clear, from this language, that there was an intention, upon the part of the defendants, to pay the plaintiff a commission upon all goods which they might thereafter sell in the particular districts which they designated as his route, whether sold by him or sold by anybody else, because the language of the contract is that they are to pay commissions on all sapolios sold to trade not theretofore sold by them, and even on all sapolios sold to their regular trade at a reduced rate, and, as to laundry soap, they are to pay a commission upon all sales made over a specified price.

This seems to be a clear definition of the rights of the parties, and to manifest an intention that the plaintiff was to have the sole control of the route which was described to be his. It is hardly probable that he was to be entitled to commissions upon sales to their regular customers if he was not to be entitled to commissions upon all the trade which they might get on this route.

Some stress was laid upon certain claimed inconsistencies in the plaintiff's position as to the admission of evidence. As has already been observed upon the question of the construction of this contract, the defendants could not be injured by the admission of any evidence, because the referee would have been justified in rejecting all evidence bearing upon its construction, as there appears to be no ambiguity in its terms, and therefore his judgment could not have been influenced by the admission of any evidence on this subject. It may be that the defendants, in their correspondence, have used language which, upon a critical examination, would seem to be inconsistent with the claim now made by the plaintiff, but there was no such definition of rights, in that correspondence, as called upon the plaintiff for any disclaimer in connection therewith.

The claim made upon the part of the defendants to support some of their exceptions, that they had, under the terms of the contract,

an arbitrary right to refuse to accept orders, cannot be sustained. The contract should receive a reasonable interpretation, so that if its language will permit, both parties will be bound to perform it in the manner which must have been contemplated by them when the contract was made. (*Stewart* v. *Marvel*, 101 N. Y., 357.)

The defendants were, udoubtedly, under the terms of the contract, bound to accept orders which came from responsible firms and customers, and the fact that the plaintiff was the only person to testify upon this point, as to customers whose orders were not accepted, affords no reason for the court coming to a contrary conclusion. The orders do not seem to have been rejected upon this account, but rather because the defendants could not conveniently deliver the goods. The referee had the witness before him and he could determine as to whether the testimony which he gave was reliable or not, and with that conclusion we should not interfere.

The ruling of the referee, excluding the conversations had prior to the making of the contract, as to the number of days within which orders should be filled, seem to have been proper. They formed no part of the contract, and the rights of the parties were fixed by the contract and the defendants were bound to fill the orders within a reasonable time.

An examination of the other exceptions contained in the case, and to which attention has been called in the points of the appellant, shows that they were not well taken.

The judgment should be affirmed, with costs.

BRADY and BARTLETT, JJ., concurred.

Judgment affirmed, with costs.