ZACHARIAH OPDYKE, Respondent, *v.* W. FRED WHITING *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Appeal. Finding.*—The judgment will not be disturbed, where, on a question of fact, the referee's decision is based upon apparently reliable testimony, and there are no requests to make different findings and no exceptions to refusals so to find.

Appeal from a judgment entered in Cayuga county upon the report of a referee.

*E. C. Atkin,* for respondent.

*James Lyon,* for appellants.

MACOMBER, J.—If there is evidence to sustain the conclusions of the referee, the judgment must be affirmed, because there are no exceptions to his findings and no requests were made to him to find differently than he has found upon the evidence before him.

The action is brought to recover for services from the 3d day of May, 1886, for a period of one year, and for damages for an unlawful dismissal of the plaintiff, as salesman, at a time prior to the expiration of the term of the service. The plaintiff was employed by the defendants, who are in the milling business, to make sales for them of flour and feed, on the 3d day of May, 1886, and was dismissed from such employment on the 15th day of September of that year.

The referee has found in favor of the defendants in respect to any claim for damages or compensation for time after September 15th. He has, however, allowed the plaintiff a

certain sum as a balance for his services remaining unpaid. There is no dispute in the case in regard to the right of the plaintiff to the compensation claimed by him for the selling of feed, except that it is contended by the defendant that the plaintiff was fully paid for such sales.

The referee has found that the plaintiff was to receive fifteen cents per barrel for flour upon every first order of one hundred barrels or less, and ten cents per barrel upon every other order thereafter from the same customer, and ten cents on all orders above a hundred barrels, and forty cents per ton for all feed sold by him. He has found that during the period mentioned the plaintiff sold four hundred and fifty barrels, upon which he was entitled to a commission of fifteen cents, twelve hundred barrels upon which he was entitled to a commission of ten cents, sixty-seven and one-half tons of feed upon which he was entitled to a commission of forty cents, making in all two hundred and forty dollars and fifteen cents for sales personally and actually made by himself. He has also found that the defendants effected sales of five hundred barrels of flour to customers which the plaintiff himself had secured, and to whom he had introduced the defendants, for which he has given the plaintiff an allowance of fifty dollars, or ten cents per barrel. Taylor v. Morgan Sons Co., 48 Hun, 483. After deducting the payments which were made by the defendants, there is found to be due the plaintiff a balance of $85.99 with interest from the date of the beginning of the action for which judgment was given.

The question before the referee was solely one of fact, and his decision is based upon the testimony of apparently reliable witnesses. There being no requests to the referee to make findings different from those appearing in the case and no exceptions to the refusal so to find, the judgment ought not to be disturbed. We have examined the several exceptions taken during the trial to the reception and rejection of evidence, and find in them nothing which requires comment

or which would affect the conclusion of the referee upon the questions in chief.

The judgment should be affirmed.

DWIGHT, P. J., and CHILDS, J., concur.