---

READING HARDWARE CO. v. PEIRCE et al.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

1. SALES (§ 176*)—PERFORMANCE OF CONTRACT—WAIVER OF DEFAULT.
   Plaintiff contracted with defendant to furnish the hardware to be used in the erection of a public building by defendant.   The hardware was to be delivered within a specified time, and 85 per cent. of the contract price was to be paid as the work progressed, and the remaining 15 per cent. within 30 days after the work was completed.   It was agreed that a specified sum should be paid for each day's delay in completion of the work by plaintiff as liquidated damages, "the same to be deducted from the final payment on account of this agreement."   Two payments were made during the progress of the work, and a third was made more than 30 days after the contract was completed, and was accompanied by a letter to plaintiff stating that he inclosed a further remittance on account of the contract and asked to have a detailed statement of plaintiff's account. The payments did not amount to 85 per cent. of the price.   Held, that the payments and the last letter accompanying the last one did not, as a matter of law, constitute a waiver of damages for delay.

   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 176.*]

2. CONTRACTS (§ 316*)—PERFORMANCE—WAIVER OF DEFAULT.
   Neither payments on account of a contract nor permitting a contractor to complete his contract after the time specified is a waiver of damages for failure to complete the contract in time; and if a contract is not terminated because of delay, and work is accepted, failure to perform in time is not a defense to an action for the contract price.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1382; Dec. Dig. § 316.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*) — CLAIMS ARISING OUT OF SAME CONTRACT.
   Although the acceptance of work done on a contract permits the contractor to sue for the price, it does not prevent the other party from offsetting by way of counterclaim the damages which he has suffered from delay in the performance of the contract.

   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 49; Dec. Dig. § 29.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. Contracts (§ 304*)—Performance—Acceptance.

Payment on account, after a contract has been completed, and after there has been a delay in its performance, accompanied by a request for a statement of account, is evidence of acceptance of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1463; Dec. Dig. § 304.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the Reading Hardware Company against John Peirce and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

George F. Harriman, for appellants.
Albert G. Gleason, for respondent.

HOUGHTON, J.   The defendant Peirce, having a contract with the city of New York for the erection of the Hall of Records, entered into a contract in writing with the plaintiff to supply the hardware therefor, to be manufactured according to designs; the whole to be delivered within six months from the day the architect's drawings were delivered to plaintiff and their models accepted.   The contract price was $12,867.50, 85 per cent. to be paid as the work progressed, as shown by certified statements, and the remaining 15 per cent. within 30 days after the work should be completed and certified by the architects.   The contract recited that failure to complete within the specified time would cause serious loss and damage, and it was mutually agreed that the sum of $25 per day should be paid for each day's delay in completion of the work as liquidated damages, "the same to be deducted from the final payment on account of this agreement."   The last material under the contract was delivered on the 6th day of February, 1906; the plaintiff in the meantime having furnished extras of the claimed value of $570.10.   There was paid on the contract February 25, 1905, $2,550, November 18, 1905, $4,138.65, and March 9, 1906, $2,500; and on the 1st day of June, 1906, the plaintiff filed a lien for the balance, which was discharged upon the giving of a bond, and this action is brought for foreclosure.

In the complaint it is alleged that the plaintiff duly performed and completed its contract within six months from the date when the architects' drawings were furnished to it, except in so far as the plaintiff was prevented from so performing by reason of changes of plans and specifications, which it acquiesced in, at the request of the defendant Peirce.   The answer denied performance within the stipulated time and set up as a counterclaim the stipulated damages at $25 per day for 390 days.   On the trial, without going into the question of delay, and as to who was responsible for it, or as to what damage had been suffered because of it, or as to whether the contract had been actually performed within six months of the receipt by the plaintiff of the drawings and specifications of the architect, or whether the architects unreasonably refused to grant a certificate, and for the purpose of short-

ening the trial and settling the legal proposition involved, it was stipulated that the court should pass upon the question as to whether or not appellant Peirce, by making the payments which he did, waived completion within the stipulated time, so as to forfeit any claim for damages from delay. It was further stipulated that if defendant Peirce had waived as matter of law by such payments his claim for damages for delay, so that he could not recover anything upon his counterclaim, the plaintiff should have judgment; otherwise, there should be a new trial, upon which all the questions could be litigated.

According to the stipulated facts the payments of February and November, 1905, were upon account, unaccompanied by any communication. The payment of March 9, 1906, more than 30 days after the contract is conceded to have been fully completed, was accompanied by a letter to the plaintiff, reading as follows:

"As per your request of the 6th inst., I inclose herewith my check to your order for $2,500, being a further remittance on account of your contract for the Hall of Records building. Please send me a detailed statement of your account on this job, as the amount you show does not agree with my books by a few hundred dollars."

This letter is signed by the defendant Peirce, and is the only evidence of waiver, aside from that which might be inferred from the two payments of the year previous. The learned trial court held that such payments, together with the latter, constituted a waiver of damages for delay as matter of law, and the defendant appeals.

We are of the opinion this holding was erroneous. Mere payments on account of a contract do not constitute a waiver of a claim for damages for failure to complete within the specified time. Ruff v. Rinaldo, 55 N. Y. 664. Merely permitting a contractor to complete his contract after the time specified does not prevent the other party from asserting his damages caused by the delay. If he has accepted the work, and has not terminated the contract because of the delay, such failure to perform within the specified time is not a defense to an action for the contract price. Dunn v. Steubling, 120 N. Y. 232, 24 N. E. 315. The fact of acceptance permits an action for the price, but it does not prevent the other party from offsetting by way of counterclaim the damages which he has suffered from the delay. Granniss & Hurd Lumber Co. v. Deeves, 72 Hun, 171, 25 N. Y. Supp. 375, affirmed on opinion below. 147 N. Y. 718, 42 N. E. 723; Crocker-Wheeler Co. v. Varick Realty Co., 104 App. Div. 568, 88 N. Y. Supp. 412, 94 N. Y. Supp. 23. The defendant could not, therefore, after acceptance, defeat the plaintiff's action by pleading as a defense failure to complete within the specified time; but he did have the right to offset, by way of counterclaim against the plaintiff's demand, the damages, if any, which he suffered by delay. The payment of the $2,500 on account, after the contract had been completed and after the delay had been had, accompanied by the statements in the letter, was evidence of acquiescence, and under certain circumstances might tend to corroborate a claim that the contract was completed within the specified time, or that plaintiff's claim that it had been delayed by the defendant was correct; but, standing alone, it was insufficient to show waiver, especially in view of the fact that the contract stipulated

that the damages for delay should be taken out of the last payment of 15 per cent. The aggregate of the payments did not amount to 85 per cent., and hence the last payment was not made on the 15 per cent., which was primarily reserved for the payment of damages. Had that been the case, the probative force of the payment would have been much greater.

Under the stipulation made by the parties on the trial, the court should have ordered a new trial, on which the question of due performance could be determined, or, if there was any delay, which party caused it. The facts are not before us, and we do not determine whether the defendant, if he should be entitled to damages, can recover the stipulated amount of $25 per day, or whether that amount is so unreasonable as to relegate him to the actual damage which he suffered. Such question could be determined only in view of all the facts and circumstances surrounding the contract.

The judgment must be reversed, and a new trial granted, with one bill of costs to the appellants to abide the event.

PATTERSON, P. J., and LAUGHLIN and SCOTT, JJ., concur.

McLAUGHLIN, J. I dissent. A claim for liquidated damages must be enforced in its entirety or not at all. Willis v. Webster, 1 App. Div. 301, 37 N. Y. Supp. 354; Weeks v. Little, 89 N. Y. 566. When the payment of some $4,000 was made to plaintiff in November, 1905, under the allegations of the counterclaim, which is for liquidated damages and nothing else, the liquidated damages had then accrued to such an amount that, had they been deducted from the contract price, the payment was in excess of the amount due; and when the payment of $2,500 was made, after the work had been wholly completed, if the liquidated damages had been deducted, there was not only nothing due the plaintiff, but an actual balance due from it to Pierce. There is no doubt about the general rule, as stated in the prevailing opinion, that payments made upon a contract and acceptance of the work do not prevent a party from setting up a counterclaim for failure to perform within the time specified in an action to recover the balance of the contract price; but payments which have been already made, with full knowledge of the facts, cannot be reclaimed. It seems to me, therefore, that the payments made, to say nothing of the letter, were a waiver of the claim for the stipulated damages.

It is no answer to say that by the terms of the contract the damages were to be deducted from the final payment of 15 per cent., which had not been made. The claim could not be enforced to that extent alone, and it further appears that payments had not been made as provided in the contract. Since the plaintiff's liability for stipulated damages could not be enforced in full, it could not be enforced at all, and the plaintiff would be liable only for the actual damage caused by the neglect in prosecuting the work. Willis v. Webster, supra. But no such claim was presented by the pleadings, and in this respect it seems to me that the prevailing opinion proceeds upon an erroneous theory, in that it assumes that, if the appellant Pierce cannot recover the stipulated amount of $25 per day, then in that event he may re-

cover the actual damage which he sustained. The parties expressly stipulated at the trial that, if the letter and payments referred to were a waiver of the right of Pierce to claim damages by way of counterclaim for failure to complete within the time specified, then the plaintiff should have judgment. The only counterclaim pleaded was for the liquidated damages, and neither party claims that these were unreasonable. No actual damage was alleged, nor could such damage be proved under the allegations of the counterclaim. Smith v. Vail, 53 App. Div. 628, 65 N. Y. Supp. 834, affirmed 166 N. Y. 611, 59 N. E. 1125.

Under such circumstances, the court was right in giving judgment for plaintiff, and I think the judgment should be affirmed.