the open market, and it asks that the value of said caseine and bags at the time of seizure be applied upon the mortgage debt. The defense does not allege enough to show any liability upon the part of the Caseine Company for the loss in value on account of the storage and the decline in market value, but it may be treated as an allegation that the fair value of the caseine and bags should be treated as a payment upon the mortgage, and in that view said answer foreshadows a defense. The sixth alleged defense foreshadows that the mortgagee had a chattel mortgage on certain personal property as collateral to the mortgage in question, which property was in possession of the mortgagor when the mortgage became due, and that the mortgagees carelessly and negligently, and in disregard of their duties and the rights of the defendant, allowed said property to be taken and sold by the receiver of the Dairy Products Company and the proceeds diverted from the mortgage. There is no allegation as to the time said property was sold, and we cannot say that the mortgagor was injured so long as the proceeds of the property went to its creditors, and it does not appear that the defendant Schmidt at the time had any interest in the property. These allegations, therefore, do not constitute a defense.

We have examined the other alleged defenses set up in the answer, and find that none of them constitute a defense. Interlocutory judgment reversed as to all of the alleged defenses except the fifth, and as to that defense affirmed. The demurrer to the fifth defense overruled, with the usual permission to withdraw the demurrer or amend pleadings. No costs allowed. All concur.

========

### STURGES & BURN MFG. CO. v. AMERICAN SEPARATOR CO.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. SALES ☞172—TIME FOR DELIVERY—DELAY—EXCUSE.
    A seller's motive of economy or convenience will not excuse his failure to furnish the goods within reasonable time.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 425–430;  Dec. Dig. ☞172.]

2. SALES ☞181—DELIVERY—UNREASONABLE DELAY—SUFFICIENCY OF EVIDENCE.
    In an action for the price of cream separator covers manufactured for defendant, evidence *held* sufficient to support a finding that the plaintiff unreasonably delayed delivery of the goods.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491;  Dec. Dig. ☞181.]

3. SALES ☞348—REMEDIES OF BUYER—COUNTERCLAIM—DELAY IN DELIVERY.
    Where defendant ordered goods to be manufactured by plaintiff, and plaintiff, against the protests of defendant, delayed deliveries, although defendant accepted and paid for some of the goods delivered late, it could nevertheless, when sued for the purchase price, counterclaim for the damages suffered by it for plaintiff's failure to perform within a reasonable time.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 973–986;  Dec. Dig. ☞348.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Chenango County.

Action by the Sturges & Burn Manufacturing Company against the American Separator Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Julien Scott, of Bainbridge (H. C. Stratton, of Oxford, of counsel), for appellant.

T. B. & L. M. Merchant, of Binghamton, for respondent.

COCHRANE, J. This is an action to recover the purchase price of cream separator covers manufactured by the plaintiff on three separate orders of the defendant, given in each of the months of January, February, and March, 1906. The defendant alleges damages by way of counterclaim because of a failure by the plaintiff to deliver the covers within a reasonable time. The action has been three times tried and three times appealed to this court. The two former appeals are reported in 144 App. Div. 872, 129 N. Y. Supp. 210, and 158 App. Div. 63, 142 N. Y. Supp. 697. On the last trial it has been found by the learned trial justice that the plaintiff did not perform any of the three contracts within a reasonable time, and that by reason of such failure the defendant sustained a large amount of damages considerably in excess of the plaintiff's claim for unpaid purchase price. The judgment awards the plaintiff the full amount of the unpaid purchase price and entirely disallows the defendant's damages.

[1] "What constitutes a reasonable time usually depends upon the circumstances of the particular case, such, at least, as the parties may be supposed to have contemplated in a general way in making the contract." Eppens, Smith & Wiemann Co. v. Littlejohn, 164 N. Y. 187, 58 N. E. 19, 52 L. R. A. 811. The evidence discloses that the contracts called for prompt delivery of the covers; that delivery was begun more than two months after the first contract was made, and was continued from time to time in small quantities until the following September, although during much of that time, and beginning as early as February 2d, the defendant was exercising the utmost urgency to hasten delivery, and was strenuously complaining of delay. The reason for the delay seems to have been difficulty experienced by the plaintiff in procuring necessary material and a desire to fill orders of other parties. Motives of economy or convenience were an insufficient excuse for the plaintiff, as it was under obligations to furnish the covers within a reasonable time. Stewart v. Marvel, 101 N. Y. 357, 4 N. E. 743. The defendant exercised the utmost diligence in impressing on the plaintiff the importance of making more rapid delivery.

[2] The general manager and treasurer of the plaintiff testified that as early as March 20th the defendant had repeatedly written and telegraphed for covers. He said: "I knew they were hurrying us for covers on previous orders." The finding therefore of unreasonable delay

by the plaintiff in the performance of its contracts rests on sufficient evidence.

[3] On the last appeal it was held by this court that time of performance was not of the essence of these contracts, and that the delay of the plaintiff in furnishing the covers did not give defendant the right to rescind the contracts. The court did not hold, however, that the defendant was deprived of its remedy by way of counterclaim. Taylor v. Goelet, 208 N. Y. 253, 101 N. E. 867, Ann. Cas. 1914D, 284, cited in the opinion, states the distinction and the reason therefor as follows:

"The basis of the rule requiring notice of intention to rescind is to be found in the reluctance of the courts to enforce penalties and forfeitures in matters of contract. The courts generally require the party complaining of a breach of contract to prove his actual damages, and limit his recovery to the amount thereof. Courts do not allow a rescission of the contract for mere delay in performance unless the parties have made time of the essence of the contract. Lawson v. Hogan, supra [93 N. Y. 39]. The rule would seem to apply as aptly to contracts which, when made, leave indefinite the time of performance as to contracts from which time as an essential element has been removed by acquiescence of the parties. Time is not of the essence of the contract which is to be performed within a reasonable time, but either party can make it so whenever he desires by simply giving notice to that effect. If notice is not given, the contract continues in force. It may be sued on as an existing contract, and damages for its breach recovered. But it cannot be treated as at an end and a forfeiture enforced."

See, also, Clark v. West, 193 N. Y. 349, 358, 86 N. E. 1; Brady v. Cassidy, 145 N. Y. 171, 181, 39 N. E. 814; Reading Hardware Co. v. City of New York and Others, 129 App. Div. 292, 113 N. Y. Supp. 331; Beyer v. Henry Huber Co., 115 App. Div. 342, 100 N. Y. Supp. 1029; Crocker-Wheeler Co. v. Varick Realty Co., 104 App. Div. 568, 88 N. Y. Supp. 412, 94 N. Y. Supp. 23; Kenny v. Monahan, 53 App. Div. 421, 66 N. Y. Supp. 10.

The theory of the last trial seems to have been that because the defendant accepted and paid for some of the covers, it lost every remedy because of the plaintiff's breach of contract; that it was the duty of the defendant to fix a definite time for the delivery of the covers and to refuse acceptance after that time. That was necessary only in case the defendant wished to exercise its right of rescission. That was held by this court on the last appeal. The defendant, however, without exercising the right of rescission, may accept the property and still recover of the plaintiff whatever damages it may have sustained. But, even if it should be held that the defendant, in order to counterclaim, should have given notice to the plaintiff requiring performance within a specified time, under the undisputed evidence in this record I think the defendant fully met that requirement when it insisted repeatedly and strenuously on immediate delivery.

Under the findings as made we could offset the purchase price against the defendant's damages as found and render an affirmative judgment for the balance in favor of the defendant. It is clear, however, that the parties misapprehended their rights at the trial, and that there has not been as careful an investigation of the facts as the importance of the case requires. The amount of damages sustained by

defendant has not been established with as much clearness as is desirable. The ends of justice will therefore best be subserved by another trial, however desirable it may be that the litigation be terminated.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.