SOLOMON HANDAL and Others, Copartners Doing Business under the Firm Name and Style of S. HANDAL & Bros., Respondents, *v.* AARON SPECHLER, Appellant.

First Department, May 19, 1922.

Sales — action to recover balance due on goods sold and delivered — counterclaim based on failure to deliver as agreed — subsequent agreement to pay increased price founded on good consideration — goods accepted on some orders after expiration of extended time — error to dismiss counterclaims as acceptance on some orders did not waive rights under others — no rescission of contracts — defendant not bound to fix time for delivery.

In an action to recover a balance due on goods sold and delivered the defendant interposed counterclaims predicated on fifteen separate orders and based on the failure of the plaintiffs to deliver goods as required by said orders. It appeared that the contract provided that the plaintiffs should not be liable for delay in or non-delivery if they used every endeavor to fill the orders; that the time for deliveries was extended; that the defendant after the orders were given and on a request by the plaintiff, agreed to pay a higher price than that stipulated in the original orders.

*Held,* that it was not error for the court to refuse to charge that there was no consideration for the agreement to pay for the goods at the increased price in

view of the agreement of the defendant by which the plaintiffs were induced to continue to perform and to waive any right they may have had to discontinue deliveries on the ground that they were warranted in refusing further to perform.

It was error for the court to dismiss defendant's counterclaims on the ground that the defendant had accepted delivery under the orders on which the counterclaims were based after the time for delivery as extended had expired and on the further ground that there was an entire absence of any demand on the part of the plaintiffs for delivery within a reasonable specified time, for as to the first ground it appeared that there were no deliveries made after the expiration of the extended period under some of the orders on which counterclaims which were dismissed were predicated and as to the second ground for the reason that the counterclaims were not predicated on rescission of the contracts for failure to deliver within a reasonable time but on a breach of the contracts as modified and for failure to deliver according to the obligation imposed upon the plaintiffs.

Where either by the original contract it is the duty of the seller to deliver within a reasonable time, or by the modification of a fixed period for delivery that becomes his duty, he is not relieved from performing by the failure of the buyer to give him notice fixing a reasonable time within which performance will be required, and the buyer may have his action for damages for breach of contract where the seller fails to deliver within a reasonable time.

APPEAL by the defendant, Aaron Spechler, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 29th day of June, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of June, 1921, denying defendant's motion for a new trial made upon the minutes.

*Edward J. Gould* [*Emil Weitzner* of counsel; *David Steckler* with him on the brief], for the appellant.

*Ferris & Ansbacher* [*Jacob Ansbacher* of counsel], for the respondents.

LAUGHLIN, J.:

The complaint is for a balance of $9,679.23 alleged to be due and owing on the agreed price, and for the reasonable value of goods sold and delivered by the plaintiffs to the defendant between the 19th of November, 1920, and the 29th of January, 1921. The answer admits that the plaintiffs sold and delivered to the defendant certain goods between the dates alleged, and that the defendant paid to apply thereon the amount with which the plaintiffs credit him, but puts in issue all other material allegations; and for a partial defense it is alleged that the defendant is entitled to a credit of $2,227.94 for goods returned and accepted by the plaintiffs, and fifteen counterclaims are interposed. The court dismissed the first six and the fifteenth counterclaims over defendant's objection and exception, and he then withdrew his other counterclaims. The jury found in favor of plaintiffs on an issue of fact

with respect to whether defendant was released concerning certain goods which were returned. The counterclaims were predicated on fifteen separate orders by which the plaintiffs were to sell to the defendant at specified prices certain goods " to be delivered * * * as soon as possible." Those which were dismissed are identical in form. It is alleged in each that on a certain date in the year 1919, the first of which is the fourth of January and the last the first of July, the parties entered into an agreement in writing whereby plaintiffs agreed to sell and deliver to the defendant certain goods and merchandise which he agreed to purchase and to pay for at specified prices, the goods " to be delivered * * * as soon as possible; " that thereafter the parties agreed to extend the time for deliveries to the month of January, 1921; that the plaintiffs neglected and refused to deliver any part of the merchandise, although delivery thereof was duly demanded by the defendant and he was ready, willing and able to accept and pay for the same; and a specified amount of damages is demanded in each counterclaim. The reply admits that the time for deliveries was so extended, but puts in issue the other material allegations of the counterclaims, and as a defense to each of them alleges that it was provided in the agreement of sale that plaintiffs should not be liable for damages for delay or non-delivery if they used every endeavor to fill the orders; and that in or about November, 1920, plaintiffs having been unable to obtain the goods, although they had used every endeavor to that end, the agreements were modified by continuing the orders in force, plaintiffs agreeing to make deliveries and defendant agreeing to pay an increase of twenty-five per cent over the contract price of the goods; that during January, 1921, plaintiffs were ready, able and willing to deliver the goods, but the defendant requested that they defer delivery until March 28, 1921, and on that date notified them that he would not accept any part of the goods; and that in the interim from January to March, 1921, the market price of the goods was not less than twenty-eight dollars and thirteen cents per dozen. When the issues were brought to trial, the defendant moved to amend the answer by substituting in each counterclaim the month of January, 1920, in place of the month of January, 1921, as the time to which delivery was extended. The motion was granted, but without requiring the plaintiffs to amend their reply.

The merchandise covered by these contracts consisted of Japanese hand-made lace trimmings and was to be used by the defendant in the manufacture of curtains and bed trimmings. In each order it was provided that the sellers were to use every endeavor to properly and completely execute the order, but that they assumed " no liability for delay in delivery, or for non-delivery of all or part

thereof; nor for loss or damage in transit or for causes beyond " their control. On the 30th of October, 1919, plaintiffs wrote the defendant that, owing to labor conditions in Japan, they could not make deliveries on these orders unless the defendant co-operated with them and accepted certain increases of the contract prices in order to enable the plaintiffs " to settle the matter with the laborers." To this the defendant replied on November fifth as follows: " I have received your letter of October 30, in reference to the increase of 25 per cent. on the prices of my orders placed with you up to date. In reply I wish to say that I will accept the increase in prices mentioned in your letter and at the same time ask you to kindly rush the goods as soon as possible." Plaintiffs thereafter invoiced certain of the goods to the defendant at the increased prices, and the defendant accepted and paid for them. Defendant also accepted but refused to pay at the increased prices for certain of the goods likewise subsequently invoiced to him at such prices. The recovery was on the basis of the increased prices therefor. The defendant requested the court to instruct the jury that there was no consideration for the execution and delivery of his agreement to pay for the goods at the increased rates, and excepted to the refusal of the court so to charge. Counsel for the defendant contends that this was error. In view of the provisions of the original contracts evidenced by the orders, as already stated, I am of opinion that in view of the agreement of the defendant by which the plaintiffs were induced to continue to perform and· to waive any right they may have had to discontinue deliveries on the ground that they were warranted in refusing further to perform, there was a good consideration for the defendant's agreement to pay the increased prices. Defendant, however, testified that, upon receiving the plaintiffs' demand for increased prices, he called upon them and was assured that, if he would consent to the increases, he would receive all of the merchandise he had ordered within from thirty to sixty days, and ·that thereupon he acquiesced and wrote the letter herein quoted. He then testified that certain goods were returned to the plaintiffs on the understanding that he was to be credited with the purchase price thereof. But the receipt which he received recited that they were received " on memo.," which meant " on memorandum," and to be sold· by the plaintiffs for his account. He testified, in substance, that plaintiffs agreed that this was a mistake. His testimony, however, was controverted and the jury found in favor of the plaintiffs thereon; and we would not be warranted in disturbing the finding. During the examination of the defendant, counsel for the plaintiffs suggested that it be confined to the issues arising on the complaint and that those arising on the

counterclaims be deferred, and counsel for defendant acquiesced. Counsel for the plaintiffs thereupon cross-examined the defendant, and over defendant's objection and exception that his counsel had not gone into the counterclaims, the court ruled that counsel for the plaintiffs might examine the defendant with respect to the counterclaims. Plaintiffs were then permitted to show by defendant with respect to some of the orders upon which the counterclaims were predicated that, although it was understood that deliveries were to be made in January, 1920, he accepted delivery of part of the goods in December, 1920, and as late as January 20, 1921; that he accepted deliveries on all of the orders throughout the year 1920; and that he demanded deliveries thereunder as late as October or November, 1920; and that the plaintiffs in answer to his inquiry with respect to why he had not received the merchandise, stated that they were able to sell it to others for more money. Counsel for the plaintiffs thereupon moved to dismiss on the ground that the defendant had accepted deliveries under the orders on which the counterclaims were based after the time for delivery as so extended; and that there was an entire absence of proof of any demand by defendant for delivery within a reasonable specified time, which restored time as of the essence of the contract. Counsel for the defendant objected to the motion on the ground that it was prematurely made before the defendant's evidence on the counterclaims had been heard; but the court overruled the objections and dismissed the counterclaims and the defendant excepted.

I am of opinion that the court erred in thus dismissing the counterclaims, both for the reason that it appears that there were no deliveries made after the 1st of January, 1920, under some of the orders on which the counterclaims which were dismissed were predicated, and for the further reason that the counterclaims are not predicated on rescissions of the contracts for failure to deliver within a reasonable time, but on the contracts as modified and for failure so to deliver according to the duty of the plaintiffs thereunder. While it is true that the defendant stated generally in answer to the plaintiffs' counsel that he accepted deliveries under all of the contracts after the fixed time for delivery in January, 1920, it is manifest that this admission was made inadvertently, for two of the counterclaims are predicated on failures to make any delivery under the orders on which they are based. The attention of the court was not drawn to this, but the failure of counsel for the defendant so to do is excusable on the ground that he was led to refrain from examining his client with respect to his counterclaims at that time and was taken by surprise by this unusual procedure. Moreover, the rule upon which the counterclaims were dismissed is applicable

only to the *rescission* of a contract; and where either by the original contract it is the duty of the seller to deliver within a reasonable time, or by the modification of a fixed period for delivery that becomes his duty, he is not relieved from performing by the failure of the buyer to give him notice fixing a reasonable time within which performance will be required, for that is his duty without such notice; and it may become a question of law for the court to decide or a question of fact for the jury to determine whether a reasonable time has elapsed which would entitle the buyer to recover damages predicated, not on a rescission, but on a breach of the contract. (*Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246; *Taylor* v. *Goelet*, 142 App. Div. 467; affd., 208 N. Y. 253.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event. Settle order on notice.