HARTMAN COAL CO., INC., Plaintiff, *v.* WILLIAM J. HOWE CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 23, 1927.

Sales — action for damages predicated on defendant's refusal to accept shipment of coal — contract provided seller would make " every reasonable effort for prompt " delivery but would not be " liable for failure to make deliveries " — contract void for lack of mutuality — in absence of date for delivery, plaintiff was required to make delivery within reasonable time — delivery six weeks after order was given not reasonable where time was of essence of contract.

This is an action for damages by reason of defendant's refusal to accept two carloads of coal under a written contract which provided that the " Seller will make every reasonable effort for the prompt and faithful fulfilment of this order, but the purchaser agrees that the Seller shall not be held liable for failure to make deliveries hereunder." Since the clause with reference to delivery

makes plaintiff's implied promise of performance wholly illusive, the contract is void for lack of mutuality.

Furthermore, since plaintiff was obligated to make delivery within a reasonable time, in the absence of any date for delivery specified in the instrument, the tender of delivery six weeks after the execution of the contract is unreasonable, particularly where time was of the essence requiring delivery by plaintiff within a reasonable time since the coal was of such a variety that it would be unmarketable in New York city upon a cessation of a strike in the coal industry.

ACTION for breach by buyer of contract for the sale of coal.

*George S. Fulton* [*William L. Bowman* of counsel], for the plaintiff.

*William C. Relyea*, for the defendant.

GENUNG, J.  This is an action for damages alleged to have been suffered by the plaintiff by reason of the defendant's refusal to accept two cars of coal ordered under a written contract.

The defendant pleads as a defense a cancellation of the contract on the ground of late delivery.  Defendant also pleads a counter-claim based upon failure to deliver the coal by which defendant lost the profits on a resale to another dealer.  The written instrument upon which plaintiff's case is based is dated January 28, 1926, and purports to show the terms upon which the coal was to be sold by plaintiff and bought by defendant respectively.  It was received by plaintiff, signed by defendant, on February 1, 1926.  The instrument appears to be a printed form of plaintiffs and recites the following:

" Sold to Howe Coal Co., 157th Street and Harlem River, New York, to be delivered to yourselves at Williamsbridge Station, New York, via N. Y. C. R. R., semi-splint coal as follows:

" Two cars stove $6. net ton at Mines Terms Net Cash.

" Remarks: This order not subject to any cancellation whatsoever.  Subject to delay and our ability to ship.

" Terms of this sale are set forth on BOTH sides of this sheet and there is no other or outside warranty, condition, trade, custom, agreement or understanding."

On the reverse side of the instrument in paragraph " four " there is this proviso: " Seller will make every reasonable effort for the prompt and faithful fulfilment of this order, but the purchaser agrees that the Seller shall not be held liable for failure to make· deliveries hereunder."

Paragraphs " five " and " six " give to the seller the right of cancellation in certain contingencies.

It would appear that construing all parts of the instrument together as a contract it is void for want of mutuality, the 1st clause in paragraph " four " making plaintiff's implied promise of performance wholly illusory.  (*Goodyear* v. *Koehler Sporting Goods*

*Co.,* 159 App. Div. 116; affd., 220 N. Y. 749; *Joseph v. Sulzberger,* 136 App. Div. 499; *Booth v. Milliken,* 127 id. 522; *Cary v. Appo,* 84 N. Y. Supp. 569; *Hempstone v. Koehler,* 125 id. 1094.)

But even if it be assumed that there was a contract it would seem from the circumstances of the case that plaintiff is precluded from recovering. The terms " $6. net ton at Mines," relates merely to the price and its method of computation, while delivery was to be made to the defendant at Williamsbridge Station, New York, via New York Central railroad. No date for delivery was set forth in the instrument. The plaintiff was, therefore, obligated to make delivery within a reasonable time. (Pers. Prop. Law, § 124 [as added by Laws of 1911, chap. 571]; *Pope v. Terre Haute, etc., Co.,* 107 N. Y. 61.)

While it is true that the order purported to be subject to delay, such proviso did not enlarge plaintiff's rights against the defendant. It merely gave to the plaintiff a defense to any action by the defendant against it for damages sustained by such delay.

Despite such clause it is apparent that plaintiff cannot delay delivery unduly and still hold the defendant liable for rejection of the coal. Such delay beyond a reasonable time gives a valid ground for rejection of the coal, without notice. (*Trainor Co. v. Amsinck & Co., Inc.,* 236 N. Y. 392; *Handal v. Spechler,* 201 App. Div. 278; *Murray Co., Inc., v. Lidgerwood Mfg. Co.,* 241 N. Y. 455.)

The instrument in question was dated January 28, 1926, and received by plaintiff on February 1, 1926. The coal contracted for was not in possession of the plaintiff, but in that of a third party. Delivery was not made to defendant at Williamsbridge Station, New York, as provided for in the contract until March 10 or 11, 1926.

Whether this constituted a reasonable time depends upon the circumstances of the case, *i. e.,* such as the parties may be supposed to have contemplated in a general way in making the contract. (*Stewart v. Marvel,* 101 N. Y. 357; *Eppens, Smith & Wiemann Co. v. Littlejohn,* 164 id. 187.)

In the instant case the coal was a variety ordinarily prohibited from being used in the city of New York and was being sold in the market for use because of special dispensation granted by the authorities by reason of a strike in the coal industry.

Upon a cessation of the strike and the consequent revocation of authority to use such coal, it would not be marketable in the city of New York. The subject-matter was, therefore, of a speculative and fluctuating value under the circumstances of the case and time was of the essence requiring delivery by the plaintiff

strictly within a reasonable time. (*Trainor Co.* v. *Amsinck & Co., Inc.,* 236 N. Y. 392.)

This is so, even though plaintiff might properly treat this attempted cancellation as an anticipatory breach. Having elected not to accept it as proper cancellation and to go ahead with the contract it was still bound to make tender of delivery within a reasonable time. In view of all the circumstances of the case it must be held that six weeks was an unreasonable length of time in which to make a tender of delivery. Plaintiff, therefore, cannot maintain its action, even on the assumption here made as to the validity of the contract.

The defendant obviously, also, is not entitled to relief on its counterclaim, the contract being a nullity. On the assumption of validity the clauses in the instrument making the transaction subject to delay and absolving plaintiff from liability for failure to deliver are decisive of the issue, and what is more, it is not clear that the transaction was entered into in contemplation of defendant's alleged contract of resale, as defendant's testimony is that plaintiff's agent Clark was only informed of the existence of the alleged contract of resale on or about the 3d day of February, 1926, after the instrument in question was executed and delivered.

It follows that the defendant is entitled to judgment dismissing the complaint. Counterclaim dismissed.