### GOODYEAR v. H. J. KOEHLER SPORTING GOODS CO.

(Supreme Court, Appellate Division, First Department. November 14, 1913.)

CONTRACTS ( §10*)—REQUISITES—MUTUALITY—SALES.

A contract, whereby plaintiff agreed to purchase from defendant a specified number of automobiles, depositing money as part payment in advance on each automobile accepted, but in which defendant nowhere agreed to sell and deliver them, but which gave it the option of delivering, subject to no penalty or damages on refusal to deliver, was void for want of mutuality, and was not cured by the appointment of plaintiff as defendant's agent.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21-40; Dec. Dig. § 10.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Frank C. Goodyear against the H. J. Koehler Sporting Goods Company. From a determination of the Appellate Term affirming a judgment of the Municipal Court, defendant appeals. Affirmed.

See, also, 155 App. Div. 947, 140 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Martin L. Stover, of New York City, for appellant.
Edward L. Dennis, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J.  The sole question in this case is whether or not the contract between the parties was void for lack of mutuality.  Such a lack exists where one is bound and the other is not.

In the present case the plaintiff agreed to purchase and accept from the defendant a specified number of automobiles, depositing a sum of money to be credited as part payment, in advance, of $35 on each automobile accepted.  Nowhere in the contract does the defendant agree to sell and deliver the automobiles, or any of them, unless a schedule of delivery dates may be considered such an agreement.  If it may be, however, its force is entirely destroyed by the following clause, which provides as follows:

"In the event that the company shall fail to deliver any one or more automobiles in accordance with the foregoing schedule, it may at its option return the agent's deposit on such car or cars, or deliver such car or cars as soon thereafter as it reasonably can; it being distinctly understood and agreed, however, that no liability whatsoever shall attach to or be asserted against the company in case of its failure to deliver any of said automobiles for any cause whatsoever."

By this clause it was left entirely optional with defendant whether or not it would deliver any automobiles at all, and if it refused to deliver any it became subject to no penalty or damages.  It seems to me that it would be difficult to find a clearer case of a contract imposing an obligation on one party, and no obligation whatever on the other.

I am unable to see that the appointment of plaintiff as defendant's agent cured the lack of mutuality, because the position of agent to sell automobiles was an empty thing, unless backed up by an enforceable agreement on defendant's part to deliver such automobiles as plaintiff might be able to sell.

The determination of the Appellate Term should be affirmed, with costs.

DOWLING and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting).  This action was brought in the Municipal Court.  The complaint alleged that on the 25th of August, 1910, the defendant received from the plaintiff the sum of $700 to the use of the plaintiff; that thereafter the defendant furnished the plaintiff six automobiles, and applied on account of the purchase money thereof $210, part of the said sum of $700, and no more; and that there still remained in the hands of the defendant for the use of the plaintiff the sum of $490, payment of which had been demanded, and for which amount the plaintiff asked judgment.  The case was tried before the justice without a jury who decided in favor of the plaintiff, and judgment was entered thereon.  Upon appeal the Appellate Term affirmed that judgment, and from that determination the defendant appeals.

It appeared upon the trial that on the 25th day of August, 1910, the plaintiff and defendant entered into a written contract, by which, in consideration of the mutual covenants contained and the sum of $1, the parties agreed as follows:  The defendant granted to the plaintiff permission to sell its automobiles in the town of Waterbury in the

state of Connecticut during the continuance of the contract; the plaintiff accepted the right of sale aforesaid, and agreed to observe and be bound by each of the following covenants and stipulations, which regulated the terms and conditions under which the plaintiff as agent for the defendant could sell these automobiles. The contract further provided that the plaintiff ordered and agreed to purchase and accept from the defendant the following quantity of the said automobiles, and further agrees to pay the following list or catalogue price therefor, less the discount set opposite the same. Then follows a net price, f. o. b. New York, of $650, 20 Hupmobiles, and sale price f. o. b. New York, $775. The agent further agreed to deposit with the company the sum of $700 to be applied on the purchase price of said automobiles as follows: $35 on each Hupmobile, and agreed to pay the balance due upon the purchase price of each automobile, together with all freight, etc., when notified that the same is ready for delivery at Newark, N. J., or New York, or the manufacturer's point of shipment. It was further provided that the said automobiles were to be delivered by the company in accordance with the following schedules of delivery, as nearly as may be, and the months of the years 1910 and 1911 in which these automobiles were to be delivered are there specified. It was then provided that, in the event that the company should fail to deliver any one or more automobiles in accordance with the foregoing schedule, it may at its option return the agent's deposit on such car or cars, or deliver such car or cars as soon as possible thereafter as it reasonably can, it being distinctly understood that no liability whatsoever should be attached to or asserted against the company in case of its failure to deliver any of the automobiles for any cause whatever; and there were other provisions limiting the liability of the company in certain particulars. The contract expired by limitation on the 1st day of August, 1911, provided the same was not sooner canceled by the company according to the option which it reserves to cancel the same by written notice by mail or otherwise.

The plaintiff has been allowed to recover on the ground that this contract, being unilateral, imposed no obligation upon the defendant, and therefore a breach thereof could not be asserted as against the plaintiff to prevent the return of the amount paid by the plaintiff, which was to be applied to the purchase of the cars, which had not been ordered by plaintiff or delivered. I do not think that this is a unilateral contract. The defendant appointed the plaintiff its agent to sell these automobiles in the town of Waterbury, Conn. This appointment as agent, although subject to be revoked by the defendant, was accepted, and, when the plaintiff actually acted under it, certainly a consideration for the obligation of the plaintiff to act as agent and to purchase a certain number of cars to be used in the business for which he was employed. The plaintiff actually agreed to purchase a certain number of these cars, and paid $35 on account of each car he agreed to purchase. There was here an implied obligation on behalf of the defendant to sell the cars subject to the further provision in the contract by which a failure of the defendant to deliver the cars would result in a repayment by the defendant to the plaintiff of the amount

actually paid on account of the purchase. The acceptance of the agency and the benefit that accrued to the plaintiff by being the defendant's agent for the sale of these cars in the locality named during the continuance of the contract was a consideration for his agreeing to purchase a certain number of the cars, and the parties then had a right to limit the damages to be sustained by a breach of the implied agreement to deliver the cars by the defendant to a return of the money paid on account of the cars so purchased. The parties have actually acted under this agreement during the continuance of the contract. Defendant never acted under its reserved power to terminate the contract. The defendant delivered and the plaintiff accepted under this contract six of these automobiles, and on account of the purchase price of these automobiles the defendant applied $35 on each automobile out of the $700 that defendant had received from the plaintiff. On the six cars that the plaintiff actually received, and for which he paid, he received the discount which was allowed by this contract, which was 15 per cent. of the purchase price. This contract was dated August 25, 1910. On the 22d of January, 1912, the plaintiff wrote to the defendant that developments had caused a change in his plans, which would take him out of his territory, and it would be quite impossible for the plaintiff to dispose of the 20 Hupmobiles. The plaintiff therefore requested the defendant to return the balance of his $700, $490, and refused a 1912 contract.

It thus appeared from the undisputed testimony that the plaintiff continued in the employ of the defendant from the 25th of August, 1910, until the 22d of January, 1912, during the whole time that the contract was to continue; that he received whatever benefit it was to be an agent of the defendant at Waterbury, Conn.; that he received six cars for which he was allowed a discount of 15 per cent.; and that he did not take, accept, or complete the purchase of the remainder of the 20 cars which he had agreed to purchase by his contract. This was not a unilateral contract, but was valid as between the parties. The plaintiff acted on it, and received the benefit of the contract accruing to him, but failed to comply with the contract on his part and purchase the automobiles that he had agreed to purchase, and the plaintiff cannot now be allowed to recover the money paid on account of the cars that he had purchased, but which he had refused to receive.

I think, therefore, the judgment appealed from should be reversed, and as on the undisputed facts the plaintiff is not entitled to recover, the complaint should be dismissed.

LAUGHLIN, J., concurs.