PHILIP WALLACH, Appellant, *v.* MORRIS MENDELSON et al., Respondents.

(Supreme Court, Appellate Term, First Department, December, 1920, Term —Filed June, 1921.)

Pleadings — when allegations as to employment do not show an agreement based upon a sufficient consideration.

Allegations that plaintiff agreed to continue in the employ of defendants as salesman during the season of 1918, to procure orders for furs, and that as compensation and for his commissions defendants agreed to pay him on all orders procured by him and accepted by them and for reorders on the same, " as follows," etc., do not show an agreement based on a sufficient consideration.

In an action for commissions alleged to have been earned as salesman under the contract the plaintiff had a verdict by direction of the court, but a second cause of action pleaded in the complaint, for a wrongful discharge from employment, was dismissed. *Held,* that no error was committed either in dis-

Appellate Term, First Department, June, 1921.   [Vol. 115.

missing the second cause of action or in denying plaintiff's motion to amend the first cause of action in order to increase the demand for damages.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, entered in favor of the defendants dismissing the second cause of action set forth in the complaint and from an order denying the motion of plaintiff to set aside said dismissal and for a new trial, and denying the motion of the plaintiff to amend the first cause of action by increasing the amount of demand.

Samuel Wallach, for appellant.

Louis Dorfman (I. Balch Louis, of counsel), for respondents.

LEHMAN, J.   The plaintiff herein has set forth in his complaint a cause of action for commissions earned as a salesman in the defendants' employ and he has pleaded as a second cause of action a wrongful discharge under the contract of employment.   At the trial a verdict was directed in favor of the plaintiff for the commissions claimed in the first cause of action but the trial justice dismissed the second cause of action.   The plaintiff now appeals from the judgment in his favor on the ground that the trial justice erred in denying a motion to amend the first cause of action in order to increase the damages and in dismissing the second cause of action.   The denial of the plaintiff's motion to amend made at a second trial of the case was well within the discretion of the trial justice and the only serious question we need consider is whether the complaint sets forth a cause of action for wrongful discharge under the contract of employment.   The complaint alleges " that the plaintiff and the defendants entered into an agreement whereby the plaintiff agreed to continue in the employ of the defendants

as salesman for the season of 1918, to procure orders for furs for the defendants and as compensation therefor and as and for his commissions the defendants agreed to pay the plaintiff on all orders procured by the plaintiff and accepted by the defendants and re-orders on the same, as follows." The trial justice has held that these allegations do not show a valid agreement based on sufficient consideration.

It is to be noted that each party has made an express promise. The plaintiff agrees " to continue in the employ of the defendants as salesman for the season of 1918 " and the defendant agrees to pay certain commissions on orders procured by the plaintiff. The plaintiff's promise is however purely illusory and can constitute no consideration for the defendants' agreement if the plaintiff "has it in his power to keep his promise and yet escape performance of anything detrimental to himself or beneficial to the promisee." Williston Cont. § 104. If the plaintiff has under his agreement the power to keep his promise to continue in the employ of the defendant and yet devote to his employment as much or as little time as he chooses, or in fact to perform no services under his employment, then the performance of his promise would clearly constitute no detriment to him and no benefit to the defendants, whereas if the plaintiff is bound to devote reasonable time and make reasonable efforts to procure orders, then his promise constitutes sufficient consideration for the defendants' counter promise. Undoubtedly where a complaint alleges an employment for a definite purpose or to do a definite piece of work, the employee ordinarily impliedly agrees to devote to his employment sufficient time to accomplish the result for which he is employed, but I cannot find that in the present case such an agreement can be implied. The plaintiff is bound to allege in his com-

Appellate Term, First Department, June, 1921.    [Vol. 115.

plaint a contract which is valid and the court cannot add to the contract as alleged, any new term which is not necessarily implied in the contract as set forth. In the present case it does not appear that the plaintiff was to be subject to the directions of the defendants in regard to the manner in which he should attempt to procure orders and it would appear from the colloquy at the trial that the plaintiff agreed merely to act as salesman for the defendants in connection with other goods received from other parties, which he intended to offer for sale at the same time. If he made successful efforts to procure orders for defendants' goods he would obtain his commissions and the defendants would obtain the benefit of the orders actually procured and on the other hand, if the plaintiff failed to make any efforts he would sustain no detriment and the defendants would obtain no benefit from the making of the agreement set forth in the complaint. While the courts have in some cases found that an agreement to use reasonable efforts to sell goods should be implied from an employment as salesman, it based such finding of an implied term upon surrounding circumstances which do not exist in the present case. In *Wood* v. *Duff-Gordon,* 222 N. Y. 88, which seems now to be the leading case upon this subject in this state, the court found that such a term could reasonably be implied in a contract whereby one party gave to the other an exclusive agency for the sale of its goods for a profit in return for one-half of all the profits obtained from such sales, on the ground that it would be unreasonable to suppose that an exclusive agency would be conferred unless fair compensation was paid for the grant of such agency and the parties must have contemplated that the agent would be bound to use reasonable efforts to bring the profits upon which the compensation was

to be based, into existence. In the present case however we are asked to draw such an inference not merely as a finding of fact but as a necessary inference of law, even though there are no surrounding circumstances set forth which would make a contrary finding unreasonable. The defendants may well have agreed to employ the plaintiff to procure orders for them knowing that if the plaintiff did procure orders for them they would benefit by his efforts and if he failed to do so they would suffer no injury by agreeing to give him the opportunity to obtain orders and to pay commissions for orders actually obtained and the plaintiff may well have agreed to continue in their employ as a salesman knowing that he would suffer no detriment other than the loss of possible commissions if he failed to make any efforts to sell the defendants' goods.

For these reasons the judgment should be affirmed, with twenty-five dollars costs to the respondent.

GUY, J., concurring in the result.

Judgment affirmed, with twenty-five dollars costs to respondent.