MILTON MAJOR, Plaintiff, *v.* KOLLMORGEN OPTICAL CORPORATION, Defendant.

City Court of New York, Bronx County, February 13, 1931.

*Milton Elias Schattman*, for the plaintiff.

*Jesse Weil*, for the defendant.

DONNELLY, J. The contract upon which this action is based and for the alleged breach of which by the defendant the plaintiff seeks damages, is contained in two letters written by defendant to plaintiff, in which the defendant promised to pay plaintiff certain commissions on orders placed by plaintiff for defendant's merchandise. The sole question in this and in other cases of a like nature, is whether the contract is void for lack of mutuality. Such a lack exists, where one is bound and the other is not. (*Good-*

*year* v. *Koehler Sporting Goods Co.*, 159 App. Div. 116.) Unless both parties to a contract are bound, so that one can sue the other for a breach, neither is bound. (*Schlegel Mfg. Co.* v. *Cooper's Glue Factory*, 231 N. Y. 459, 462.) Plaintiff insists, that by the contract he was obligated to seek orders for defendant's merchandise for the period of two years. If plaintiff declined or failed to perform his duty under the contract, his employer could not hold him for the breach. The contract was not signed by plaintiff. Reduced to simple terms, plaintiff's position is this: His employer was compelled, under the contract, to retain and pay for his services as salesman for two years, but if plaintiff chose to shirk his obligation, the defendant would have no remedy against him for the breach. The arrangement between the parties is quite similar to that in *Wallach* v. *Mendelson* (115 Misc. 499), where it was said: " The defendants may well have employed the plaintiff to procure orders for them, knowing that, if the plaintiff did procure orders for them, they would benefit by his efforts, and, if he failed to do so, they would suffer no injury by agreeing to give him the opportunity to obtain orders, and to pay commissions for orders actually obtained, and the plaintiff may well have agreed to continue in their employ as a salesman, knowing that he would suffer no detriment, other than the loss of possible commissions if he failed to make efforts to sell the defendants' goods."

At bar, all that the defendant agreed to do, and what it actually did, was to pay plaintiff commissions for the orders he placed. There is no evidence that plaintiff agreed to devote his time and effort to procure orders. All that plaintiff testified to was that " everything [referring to the matters embraced in defendant's two letters to him] was satisfactory." The only competent evidence to make the defendant's offer binding upon both parties would be plaintiff's written acceptance thereof, thus satisfying the requirement of the Statute of Frauds, that a contract which by its terms is not to be performed within one year, to be valid must be in writing, and thus giving to defendant the essential to make plaintiff's breach of the contract actionable.

Defendant's motion to dismiss the complaint, is granted. Exception to plaintiff. Ten days' stay and thirty days to make and serve a case, allowed.