ANNIE M. NIVOIS, Respondent, v. JACK FINGERHEIT, Appellant, and THE DIME SAVINGS BANK OF BROOKLYN, Defendant.— Order denying appellant's motion to dismiss the complaint for insufficiency or, in the alternative, to strike out certain allegations contained in paragraphs fourth, fifth, sixth, seventh, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth of the complaint pursuant to rule 103 of the Rules of Civil Practice, reversed on the law, without costs, and the motion granted by dismissing the complaint as against appellant, without costs, with leave to serve an amended complaint within ten days from the entry of the order hereon. As to the first cause of action, the plaintiff fails to allege the ultimate facts relied upon to establish fraud and undue influence, upon which theories we surmise the cause of action to be based. As to the second cause of action, it is difficult to determine, from the pleading in its present form, the theory upon which plaintiff seeks to recover. If it is her theory that the defendant bank's mortgage is void because it was executed in reliance upon the deed from the plaintiff to defendant Fingerheit, which in turn was void because revenue stamps were not affixed to it, the complaint is insufficient in that there are no allegations that the deed required revenue stamps, nor that applicable statutes render such deed void for failure to have such stamps affixed. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur. Settle order on notice.

FRANCIS S. O'REILLY, Appellant, v. ELBRIDGE T. GERRY, as Treasurer of the United States Polo Association, an Unincorporated Association, Respondent.— In an action for a breach of a contract of employment for life, which plaintiff alleges was made orally with him by the chairman of the executive committee, the chief officer of the unincorporated association of which the defendant is treasurer, and was ratified by the association through its executive committee, judgment for defendant, dismissing the complaint on the merits at the close of plaintiff's proofs, unanimously affirmed, with costs. The contract, even if thus made and ratified, is so vague and indefinite as to be unenforcible. (Varney v. Ditmars, 217 N. Y. 223; Wallach v. Mendelson, 115 Misc. 499.) Concededly, the chairman had no power to make the alleged contract on behalf of the association. Plaintiff failed to produce proof that the executive committee ratified the making of it. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.